9605

MERCHANTS & PLANTERS BANK v. BRIGMAN *ET AL.*

(91 S. E. 332.)

1. CHATTEL MORTGAGES—OVERDUE MORTGAGE—TITLE AND POSSESSION.—
Ordinarily when a chattel mortgage is past due, and there is anything
due thereon, the title vests in the mortgagee, who is entitled to the
possession of the property.

2. CONSTITUTIONAL LAW—HIGHWAYS—DUE PROCESS OF LAW—LIEN ON
AUTOMOBILES FOR INJURIES CAUSED BY—ATTACHMENT.—Act 1915 (27
St. at Large, p. 737), sec. 1, providing that when a motor vehicle is
operated in violation of the law or negligently or carelessly, and
when anyone receives personal injuries thereby, or when any prop-
erty is damaged thereby, such damages shall be a lien on such motor
vehicle, next in priority to the lien for State and county taxes,
recoverable in any Court of competent jurisdiction, with the right to
attach such vehicle as provided by law for attachment, does not
violate the due process of law provisions of Const., art. I, sec. 5, and
U. S. Const. Amend., 14.

3. HIGHWAYS—POLICE POWER—MOTOR VEHICLE—LIEN AND ATTACH-
MENT.—Such act is a valid exercise of the legislature's police power.

4. CONSTITUTIONAL LAW—POWER OF COURT—WISDOM OF STATUTE.—As
long as the legislature acts in relation to the police power vested in
it, it is not for the Court to say whether the act is wise or unwise.

5. CHATTEL MORTGAGES—PUBLIC NOTICE.—Act 1915 (27 St. at Large,
p. 737), sec. 1, being a public act, puts the whole world on notice that
the claim of one who sustains personal injury or property damages
from the illegal or negligent operation of a motor vehicle, is superior
to that of any other person, except the State and county, and a mort-
gagee takes with notice of the act.

6. ATTACHMENT — AUTOMOBILE — STATUTE. — Under such statute the
machine can be attached and made liable to the lien, where it is
loaned, and the party operating it inflicts the injury.

7. STATUTES—SUBJECT AND TITLE.—Act 1915 (27 St. at Large, p. 737),
sec. 1, entitled "An act to further regulate the running of motor
vehicles in this State," and, by sec. 1, providing that, where a motor
vehicle is operated in violation of the law, or negligently, and when
any person receives personal injury thereby, or any property is dam-
aged thereby, the damages shall be a lien upon the vehicle, with the
right of attachment, relates to and is germane to the title, and hence
does not violate Const., art. III, sec. 17, providing that each act shall
relate to but one subject expressed in its title.

Before MAULDIN, J., Dillon, February, 1916.    Reversed.

Action of claim and delivery by the Merchants & Planters Bank against M. W. Brigman and S. V. Lane, as sheriff of Dillon county. Judgment for plaintiff, and defendant, Lane, excepts and appeals.

*Messrs. Joe P. Lane* and *G. G. McLaurin,* for appellant, cite: *As to action to enforce forfeiture:* 6 R. C. L. 439, 448, 434, 437; 12 R. C. L. 125, 134; 1 R. C. L. 1146; 19 Cyc. 1357; 96 U. S. 395; 24 U. S. 531; 12 Wheat 1. *Moot questions:* 15 S. C. 372; 2 Cyc. 533. *As to statutory right of action in rem:* 27 Stats. 737; 1 Cyc. 730; 1 R. C. L. 328; 13 S. C. 308; 23 Cyc. 1408; 50 S. C. 146. *Due process:* 9 Cyc. 482; 6 R. C. L. 240, 241, 242; 73 S. C. 81; 137 U. S. 86; 2 R. C. L. 1199, 1200, 1201; 190 U. S. 169, 179; 211 U. S. 78, 127; 183 U. S. 13, 22; 211 U. S. 547; 184 U. S. 97; 102 U. S. 691, 707; 167 U. S. 518; 219 U. S. 186, 206; 110 U. S. 516. 558. *Compares this statute to:* Civil Code, sec. 4162, 4163, 4174. *Title of act:* 16 S. C. 55; 89 S. C. 94, 95; 83 S. C. 487, 488; 75 S. C. 566; 71 S. C. 487, 488; 95 S. C. 410, 411; 83 S. C. 232; 30 S. C. 4; 74 S. C. 448; 23 S. C. 427. *Chattel mortgage not past due:* 85 S. C. 348; 26 S. C. 112; 48 S. C. 407. *Necessity for demand:* 19 N. Y. 496; 23 N. Y. 70; 5 R. C. L. 460. *Remedy:* 8 Rich. L. 106; 58 S. C. 102, 103; Code Civ. Proc., sec. 287; 36 Cyc. 1157, 1158. *Construction of statute:* 96 S. C. 320, 321; 90 S. C. 559; 25 S. C. 474.

*Messrs. Gibson & Muller* and *Hoyt McMillan,* for respondent, cite: *As to plaintiff's remedy:* Code Civ. Proc., sec. 287; 17 S. C. 116, 120; 2 Brev. 495; 1 McMul. 203; 58 S. C. 122; 52 S. C. 59; 46 S. C. 199; 12 N. W. 475; 34 Cyc. 1381, 1377, 1372; 229 Fed. 649; 66 S. C. 376. *Due process:* 44 Conn. 291; Ann. Cas. 1915a, 1162 and 1166; 47 L. R. A (N. S.) 662; 28 Cyc. 39.

February 10, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order and decree of his Honor, Judge Mauldin, who heard the case at Dillon county Court of Common Pleas at the Fall term of Court, 1915, and filed his decision February 8, 1916. The brief has the following statement:

"This was an action for the recovery of the possession of personal property accompanied by regular claim and delivery proceedings and commenced by the service of a summons and complaint on or about the 28th day of November, 1914. The affidavit and bond for claim and delivery were the usual affidavit and bond for claim and delivery action, and the automobile was duly seized and taken from Sheriff S. V. Lane under the action. S. V. Lane, sheriff of Dillon county, answered and resisted the action, and the case came on for hearing on its merits before Judge T. J. Mauldin and a jury the 18th day of October, 1915. During the progress of the case counsel for both sides agreed to take all issues away from the jury with the exception of the question of value of the property involved, and submit all other facts and law to the Court for its determination. On the question submitted to the jury, they found the value of the property (one Ford automobile) to be $125. The Judge reserved his decision until the 8th day of February, 1916, when he rendered a decision in favor of the plaintiff for the recovery of the property or the value thereof, $125."

The defendant, Sheriff S. V. Lane, gave due notice of appeal, and the case comes on for a hearing before this Court on the case and exceptions.

The legal issues raised by the exceptions are: First. Whether or not, plaintiff's mortgage being past due and the legal as well as the equitable title having vested in it to the

property in question, it was entitled to the possession thereof. Second. Did the plaintiff pursue the wrong remedy? Third. Is the act in question valid?

Ordinarily when a chattel mortgage is past due and there is anything due thereon, the title vests in the mortgagee, and the owner and holder of the mortgage is entitled to the possession of the mortgaged property. If there was not the act of the legislature in reference to automobiles which is relied on in this case to controvert this view, this point would be free from difficulty, as the numerous decisions of this Court decide this question in the affirmative.

This act is full and comprehensive, and is as follows:

"An act to further regulate the running of motor vehicles in this State.

"Section 1. Be it enacted by the General Assembly of the State of South Carolina: When a motor vehicle is operated in violation of the provisions of law, or negligently and carelessly, and when any person receives personal injury thereby, or when a buggy or wagon or other property is damaged thereby, the damages done to such person or property shall be and constitute a lien next in priority to the lien for State and county taxes upon such motor vehicle, recoverable in any Court of competent jurisdiction, and the person sustaining such damages shall have a right to attach said motor vehicle in the manner provided by law for attachments in this State: *Provided,* That this act shall not be effective in case the motor vehicle shall have been stolen by the breaking of a building under a secure lock, or when the vehicle is securely locked."

Act 1912 (27 St. at Large, p. 737).

The plaintiff-respondent contends that this act is unconstitutional and void, in that it is in violation of article I, sec. 5, of the Constitution of South Carolina; also in violation of section 17 of article III of the Constitution of South Carolina, and in violation of a portion of the Fourteenth

Amendment of the Constitution of the United States. We do not think that contention of the respondent that the act is unconstitutional and void can be sustained.

The legislature has the inherent police power to pass any law it judges fit for the protection and welfare of its people in traveling over the public highways of the State, and it is a matter within the discretion of the legislature of the State to determine what interests the public requires, and to adopt such measures and means as are reasonably necessary for the protection of such interests, and to make reasonably safe the traveling public.

As long as the legislature acts in relation to the police power vested in it as the lawmaking power, it is not for the Court to vacate their action upon constitutional grounds, or to say whether the measure is wise or unwise. The legislature by passing the act judged the measure to be reasonable and wise. The public generally has the right to use the highways of the State and travel over the same—afoot, horseback, in vehicles and motor vehicles.

Motor vehicles are a new and comparatively modern means of locomotion. They are unquestionably dangerous, and can and do destroy property, kill and maim people as much as locomotives and engines and cars on railroad tracks. The only difference being that railways are operated on tracks owned by them where no one else has the right as a matter of right to travel, and motor vehicles are operated on highways where the public generally has the right to travel. The railroads are generally able to respond in damages for any damages wilfully and negligently inflicted by them.

As to the owners of motor vehicles, such as automobiles, it is a different proposition. There is a distinction in law as to the liability and measure of damages as to a common carrier for hire and a private carrier for hire. If the common carrier killed and maimed as many people and destroyed as much property under similar circumstances of negligence and wilfulness as the automobiles and other motor vehicles

there would be great indignation and large damages awarded.

The legislature had the right in the exercise of police power to guard its citizens and the public generally by passing a law in a measure that protects them from negligence, carelessness and recklessness of persons driving dangerous machines, and the proviso making the machine that inflicted the injury liable for the damages and providing attachment of the same is not taking property without due process of law, but is passed in the best interest of the public.

The act of the legislature only gives the right to make the machine liable, and not the owner of the machine, unless the owner was in the machine.

The mortgage in this case was given on August 8, 1914, and the act of the legislature was passed in 1912; the plaintiff took the mortgage with full knowledge of the act in question. It was a public act, and, being such, was notice to the world. The act of the legislature put the whole world on notice that it intended to make the claim of the injured one against the machine inflicting the injury superior to that of any other person who asserts a lien or claim to it, and that the claim could be enforced, not against the owner of the machine, but against the machine itself. It does not make any difference whether the owner consented or not.

If a machine is loaned and a party operating it inflicts injury the machine can be attached and made liable under the act. The owner parts with possession at his peril that if injury is inflicted by the machine the machine is made liable, not the owner, but the machine. There is an old saying that "with your own whip and your friend's horse there will be some fast riding."

The legislature in passing the act in question in the exercise of its police regulations as to how dangerous instrumentalities could be operated on public highways did not exceed its power and go beyond what it had the right to do. It had the right to regulate the running of a dangerous instru-

mentality. such as an automobile or other motor vehicles unquestionably are, on the public highways of the State.

The act itself relates to and is germane to the title, and is not in violation of the spirit of the Constitution.

It is unnecessary to consider the other exceptions in the case, as the crucial point in the case is the act of the legislature questioned and assailed as invalid and unconstitutional. We hold that the act of legislature in question is valid and constitutional.

The judgment of the Circuit Court must be reversed.

Reversed.