## 10549

### TATE v. BRAZIER *ET AL.*

(105 S. E. 413.)

HIGHWAYS—STATUTORY LIEN ON AUTOMOBILE CAUSING INJURY CAN BE ENFORCED AGAINST INNOCENT PURCHASER.—Under the act of the legislature giving one who is injured by an automobile a lien upon the automobile for the damages thereby caused, the automobile can be attached in an action for injuries, though it had been sold to one who had no knowledge of the accident.

Before DEVORE, J., Greenville, October, 1920. Affirmed.

Action by W. J. Tate against R. R. Wood and Lawrence Brazier for personal injuries from an automobile. From judgment for plaintiff, the defendants appeal.

*Messrs. Bonham & Price* and *T. E. LaGrone,* for appellants, cite: *Automobile Attachment Act:* 27 Stat. 737. *Similar acts:* 4172, 4173, 1 Civ. Code 1912. *Brazier was innocent purchaser after the injury to plaintiff, and his rights should be protected:* 95 S. C. 29; 13 Wall. 14; 31 N. W. 694 (Wis.); 24 So. 1; 55 S. W. 144; 33 S. E. 995; 82 So. 28.

*Mr. B. F. Perry, Jr.,* for respondent. Oral argument, citing 106 S. C. 463.

December 20, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The plaintiff was injured by an automobile owned and operated by Wood. A few days afterwards Wood sold the automobile to Smith. Smith in turn sold it to the appellant for $750 cash.

Plaintiff was injured November 15, 1919. On January 30, 1920, he commenced suit for personal injury against Wood and Brazier, and attached automobile in Braier's hand. Brazier, when he purchased the machine, had no notice of the injury of plaintiff by the machine when owned and operated by Wood. The plaintiff obtained a verdict for $600. There is no question of Wood's liability. He does not appeal. Brazier does, and raised one issue, as to whether or not the automobile was subject to attachment, levy, and sale under plaintiff's lien after the same had passed into the hands of an innocent third party without notice.

The exceptions cannot be sustained. The act of the legislature is plain and specific, and gives the plaintiff a lien, and under the act plea of innocent purchaser cannot avail the appellant. This Court has passed and construed that act in case of *Merchants and Planters Bank v. Brigman,* 106 S. C. 362, 91 S. E. 332, L. R. A. 1917e, 925.

The exception is overruled, and judgment affirmed.

MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE GAGE absent on account of sickness.