## 12328

### TOLBERT v. BUICK CAR, NEW YORK LICENSE, 6E2255

#### (140 S. E., 693) ·

HIGHWAYS—INJURED PERSON MAY MAINTAIN ACTION IN REM AGAINST AUTOMOBILE WITHOUT JOINING OWNER OR OPERATOR AS DEFENDANT (CIV. CODE 1922, § 5706).—Under Civ. Code 1922, § 5706, giving to person injured a lien on, and right to attach, the motor vehicle causing the injuries, injured person may maintain an action in *rem* against the automobile alone without making the owner, operator, or any one else a party defendant; owner's remedy being by intervening and setting up his rights to the attached car.

Before WILSON, J., Kershaw, March, 1927. Reversed and remanded.

Action by E. W. Tolbert against Buick Car, New York License, 6E2255, in which a warrant of attachment against defendant was issued. From an order dismissing and dissolving the attachment, plaintiff appeals.

Following are the exceptions referred to in the opinion:

(1) For error in his Honor in holding and finding that the affidavit herein was insufficient and did not contain such statements or allegations as would authorize issuance of the attachment, whereas he should have found and held that the affidavit stated a cause of action or such facts from which, as a legal conclusion, it must be inferred that a cause of action does exist.

(2) For error in his Honor in holding and finding that no cause of action existed in favor of the plaintiff herein against the defendant as required by Sections of the Code of Civil Procedure, whereas he should have found and held that such cause of action did exist upon the ground that it was an action in rem.

(3) For error in his Honor in holding and finding that the Buick car named as defendant is not such as is authorized in an action, whereas he should have found and held that this was an action in rem and that the defendant car was the only necessary defendant to the action.

(4) For error in his Honor in holding and finding that the defendant is incapable of giving the undertaking provided for in the Code of Civil Procedure, in order to release the property attached, whereas he should have found and held that it was not necessary to make some person a party defendant for the purpose of obtaining or giving the undertaking aforesaid, and whereas he should have further held that the Statute does not preclude the execution of the retention bond by the owner or person in possession or some third person having an interest in the car.

(5) For error in his Honor in holding and finding that no person is named as defendant as required by the Code of Civil Procedure in all actions, whereas he should have found and held that this was an action in rem, and that the affidavit of plaintiff sufficiently stated a cause of action or facts from which a cause of action could be inferred, and that it is not necessary in an attachment of a motor vehicle to name any person a party defendant.

(6) For error in dissolving and discharging the attachment herein upon the grounds stated in the motion, whereas he should have found and held that the grounds of said motion were without foundation.

*Messrs. W. K. DeLoach and John K. DeLoach,* for appellant, cite: *Proper to bring action against offending motor vehicle alone:* 118 S. C., 267; 131 S. C., 289; 106 S. C., 367. *No personal notice to any individual required:* 123 N. Y. S., 482; 20 S. E., 681.

*Messrs. Kirkland & Kirkland,* for respondent, cite: *"Action":* Sec. 2, Code. *Who may be parties to a civil action:* Sec. 361, Code Proc. *"Attachment":* 32 S. C., 319; 114 S. C., 418; 86 S. C., 10; 112 S. C., 447; 33 S. C., 350; Sec. 502, Code Proc.; Sec. 5706, Code. *Cases distinguished:* 118 S. C., 267; 131 S. C., 289; 106 S. C., 367.

December 9, 1927.

The opinion of the Court was delivered by Mr. Justice Carter.

This is an appeal by the plaintiff, E. W. Tolbert, from an order of his Honor, Judge John S. Wilson, dismissing and dissolving an attachment of the defendant, Buick car, New York License, 6E2255. It appears from the record before the Court that the plaintiff commenced the action in the Court of Common Pleas for Kershaw County, making as sole defendant Buick Car, New York License, 6E2255, and, on plaintiff's affidavit procured from the Clerk of Court of Kershaw County a warrant of attachment, directing the sheriff of that County to attach and safely keep the defendant car to satisfy the plaintiff's demand in the sum of $500, together with costs and expenses of the action. Acting under the warrant of attachment, the sheriff seized the car in question and took the same into his possession.

Pursuant to written notice of motion on the part of counsel for Buick car, New York License, No. 6E2255, his Honor, John S. Wilson, Judge presiding in the Fifth Judicial Circuit, before whom the motion was heard, issued an order dissolving and discharging the warrant of attachment. From this order the plaintiff has appealed to this Court under exceptions which will be reported.

As stated by appellant, the exceptions raise the following questions: First. In the attachment of a motor vehicle, is it necessary to make any person a party defendant when the action is in rem, against the motor vehicle alone? Second. Can the plaintiff, under the Code, proceed against the motor vehicle alone?

In the affidavit of the plaintiff, on which the warrant of attachment was issued, the plaintiff states:

"That he is plaintiff in the foregoing action and that he has an action against the defendant for personal injuries inflicted by the said defendant on the 25th day of January, 1927, by reason of the careless, negligent, gross negligent

and reckless handling of the defendant by its driver, who was proceeding eastward along Rutledge Street of the City of Camden, S. C., and who ran into deponent on the left-hand side of said street, knocking deponent to the pavement and dragging him several feet, causing deponent to become unconscious, and injuring deponent and causing deponent great mental suffering and anguish and physical pain; that the amount of plaintiff's claim for said damages is the sum of $500."

Under the view urged by counsel for the respondent, and accepted by his Honor, Judge Wilson, this affidavit is insufficient to base the warrant of attachment for the following reasons:

"(a) That no cause of action existed in favor of the plaintiff herein against the defendant, as required by Sections of the Code of Civil Procedure regulating attachments; (b) that the Buick car named as the defendant herein is not such as is authorized in an action, and therefore the attachment was erroneously issued; (c) that the defendant named herein is incapable of giving the undertaking provided for in the Code of Civil Procedure, in order to release the property attached herein; (d) that no person is named as defendant, as required by the Code of Civil Procedure in all actions."

Under the decisions of this Court it is clear that the affidavit in question is sufficient to support the warrant of attachment issued. The cases of *Merchants' & Planters' Bank v. Brigman,* 106 S. C., 367; 91 S. E., 332, L. R. A., 1917–E, 925, *Hall v. Locke,* 118 S. C., 267; 110 S. E., 385, and the recent case of *Williams v. Garlington,* 131 S. C., 289; 127 S. E., 20, are directly in point and clearly in support of appellant's position. In the passage of the act governing the operation of automobiles, enacted by the Legislature in the year 1912, being Section 5706, Vol. 3, of the Code of 1922, the Legislature intended to make the automobiles liable and

responsive in damages when operated in violation of the provisions of said act, regardless of the owner or operator of the machine.

Mr. Justice Watts (now Chief Justice) in delivering the opinion of the Court in the case of *Merchants' & Planters' Bank v. Brigman, supra,* in discussing questions involved in that case used this language:

"If a machine is loaned and a party operating it inflicts injury the machine can be attached and made liable under the act. The owner parts with possession at his peril that if injury is inflicted by the machine the machine is made liable, not the owner, but the machine."

In the case of *Hall v. Locke, supra,* Mr. Chief Justice Gary (now deceased) speaking for the Court, when the Statute in question was under consideration, stated:

"The injured person may proceed against the offending car alone, and it may be sold under order of the Court to satisfy the damages ascertained by the jury to have been sustained by the plaintiff."

In a still later opinion rendered by Mr. Justice Marion, as the organ of the Court, in the case of *Williams v. Garlington, supra,* the principle that the injured person may proceed against the automobile alone is stated in no uncertain terms, the Court clearly holding that the injured person has an action in rem against the car, and it is not necessary for the person seeking a recovery for an injury to his person or property to make the owner or operator of the automobile party defendant, but may proceed against the automobile alone, as was done in the case at bar. We think that this holding is clearly in accord and in keeping with the intention of the Legislature in enacting the provision of the Code above mentioned, giving a lien upon the motor vehicle for such damages and a right to the person sustaining such damages, as set forth under said Section of the Code, to attach the motor vehicle causing the damage. To hold the contrary

view and require the plaintiff to bring into Court the person responsible for the act would in many instances defeat the very purpose and intent of the Legislature, though the legislative act was not intended to prevent, and does not prevent, the injured person from making a party defendant any one responsible for the act. The act was intended to afford a sure remedy to the injured party in instances where the damage comes within the purview of the act. The car in question in the case at bar is concededly from another state, the State of New York, carrying New York motor vehicle license. To get possession of a car in such instances necessitates quick action, with no time for locating the operator or owner.

After having discussed proceedings in rem, showing that such proceedings were hereinbefore chiefly used in admiralty, Mr. Justice Marion in his opinion in the case of *Williams v. Garlington, supra,* used this graphic language:

"The somewhat striking analogy between the automobile of today, passing swiftly over the modern highway from one jurisdiction to another, and the ship plying the ocean highway, from port to port and from country to country, with respect to the necessity which gave rise to the doctrine of the maritime lien and its enforcement by the action in rem, is sufficiently apparent. In the light of that analogy, when it was held by this Court in *Hall v. Locke* that the lien of the Statute (Section 5706) is enforceable by an action in rem, there is no room for doubt that it was the intent fully to recognize and apply for purposes of jurisdiction and venue the distinction between the action in rem and the action in personam. That distinction has been thus stated:

" 'This is the distinction between an action in *personam* and an action in *rem*. In an action *"in rem,"* a valid judgment may be obtained so far as it affects the *res* without personal service of process; while in an action to recover a judgment *"in personam"* process must be personally served,

or there must be a personal or authorized appearance in the action." *White v. Glover,* 138 App. Div., 797; 123 N. Y. S., 482.

Again the writer of that opinion quotes from the case of *Dulin v. McCaw,* 39 W. Va., 721, 727; 20 S. E., 681, 684, as follows:

"It is a distinguishing peculiarity of a proceeding in *rem* that the jurisdiction of the Court, in the particular case, rests merely upon the seizure or attachment of the property. No personal notice to any individual is required. The *res,* being brought within the jurisdiction of the Court, becomes subject to its adjudication, and all parties interested are supposed to be duly apprised of the proceedings by the mere taking of the property, or by the usual proclamation or published notice."

As contended by the appellant, the action at bar is an action in *rem* and does not require the making of any person a party defendant, the operator of the machine, or any one else, nor is it incumbent upon the plaintiff to find and notify the owner of his intentions. On the other hand it is to be assumed that the owner of a car will keep track of his car, and there is nothing to prevent the owner from intervening, and setting up his rights to the attached car. It is our opinion that his Honor, Judge Wilson, erred in dissolving and discharging the attachment, and the exceptions are therefore sustained.

It is the judgment of this Court that the order of his Honor, Judge John S. Wilson, appealed from, be and is hereby reversed, and the cause remanded for such procedure as is not inconsistent with the views herein expressed.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Blease and Stabler concur.

Mr. Justice Cothran (concurring): I concur upon the binding authority of the cases cited, the conclusions in which I did not and do not agree with.