13024

STATE v. CAMPBELL

(155 S. E., 750)

March, 1930.

*Messrs. James Allan, Solicitor,* and *Arthur Rittenberg,* for appellant,

*Mr. Paul M. MacMillan,* for respondent,

November 11, 1930.

The opinion of the Court was delivered by Mr. Justice Stabler.

The defendant, Campbell, was charged with disposing of personal property under lien in violation of Section 172 of the Criminal Code of 1922. The second paragraph of the indictment was as follows: "The Jurors of and for the County aforesaid, in the State aforesaid, upon their oath, Present that Lacy D. Campbell, late of the County and State aforesaid, on or about the first day of February, in the year of our Lord one thousand nine hundred and thirty, with force and arms, at Charleston County Court House, in the County and State aforesaid, did willfully and unlawfully dispose of property under.lien, to wit, one DeSoto Sedan automobile bearing license No. 12673, S. C., 1930, said lien having been created in favor of Marion Dickey by the negligent and careless operation of the aforesaid automobile by the said Lacy D. Campbell, as a result of which the said Marion Dickey was injured, to wit, having had his skull fractured as a result thereof, against the form of the Statute in such case made and provided, and against the peace and dignity of the State.".

Upon the call of the case for trial, the defendant made a motion to quash the indictment because of several alleged defects therein. By agreement however, the only question submitted to the Court "was whether such a lien was created by the alleged negligent and careless operation of the automobile as was within the cognizance of Section 172, Criminal Code, 1922, although no civil action had been com-

menced against the defendant who is the owner and driver of the car, and no attachment papers had been served, up to the time the defendant disposed of the automobile."

In an order granting the motion, the Court said:

"The indictment is properly referable to Section 172, Volume 2, Code of Laws of 1922. Section 5706, Volume 3, Code 1922, whereby a lien is created over the car of the person at fault in a collision or automobile damage in favor of the person injured is necessarily involved. * * *'

"I am of the opinion that no lien over a car inflicting injury to another is finally fixed within the meaning of the Statute until the liability of the driver or owner is determined in a Court of competent jurisdiction; that between the time of the injury and the determination of the controversey, it is merely a privilege allowed to be ripened into an enforceable right by following to a final judgment, and that then, for the purposes of foreclosing the lien, it is a lien within the meaning of Section 172, *supra.*

"Until the lien is so fixed, I hold that no violation of Section 172 can be charged."

From this order the State appeals.

Section 5706, Vol. 3, Code of Laws of 1922, provides that: "When a motor vehicle is operated in violation of the provisions of law, or negligently and carelessly, and when any person receives personal injury thereby, or when a buggy or wagon or other property is damaged thereby, the damages done to such person or property shall be and constitute a lien next in priority to the lien for State and County taxes upon such motor vehicle, recoverable in any Court of competent jurisdiction, and the person sustaining such damages shall have a right to attach said motor vehicle in the manner provided by law for attachments in this State. * * *"

Section 172, Vol. 2, of 1922, making it a crime to dispose of property under lien, reads as follows: "Any person or persons who shall sell or dispose of any personal property on which any mortgage or other lien exists, without the writ-

ten consent of the mortgagee or lienee, or the owner or holder of such mortgage or lien, and shall fail to pay the debt secured by the same within ten days after such sale or disposal, or shall fail in such time to deposit the amount of said debt with the Clerk of the Court of Common Pleas for the county in which the mortgage or lien debtor resides, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be imprisoned for a term not exceeding ten years, or be fined not more than five hundred dollars, or both, in the discretion of the Court: *Provided, That* the provisions of this Section shall not apply in cases of sales made without knowledge of notice of such mortgage or lien by the person so selling such property. * * *"

The contention of the appellant is that Section 5706 gives a lien on a motor vehicle at the instant damage is inflicted by the negligent and careless operation of its driver, with the immediate right to attach the car; that attachment is a mere remedy for enforcing the lien, and is not a prerequisite to its creation; that the existence of the lien is independent of its enforcement; and that the court erred in holding that the lien is not "finally fixed" until after final judgment, for, if such were the case, the owner of the car might sell it to an innocent purchaser during the interval between the time of injury and final judgment, and it would not be subject to attachment in the hands of such purchaser, which is not the law. The contention of the respondent is that the lien intended to be created by the statute is a mere privilege to be claimed by the person injured, and that one claiming the lien must give notice of it by attachment of the car; and that the defendant could not be charged with an offense until it was ascertained by final judgment of a Court of competent jurisdiction that the injury was caused by the negligent operation of the automobile, or certainly until the injured party by attachment had placed the defendant on notice that a lien was claimed.

With regard to what is now Section 172 of the Criminal Code of 1922, the Court, in *State v. Reeder,* 36 S. C., 497, 15 S. E., 544, 546, held: "The section under consideration is a general law, designed to prohibit the sale of personal property covered by any valid prior or preferred lien, without regard to the time when it was established, or how it arose. There is not a word in the section confining its operation to any particular class of liens, but its language—'on which any mortgage or other lien exists'—is broad enough to cover a lien created after the enactment of the General Statutes as well as one provided for before. Under a charge for violating this section, the question is whether the party charged has sold personal property 'on which any mortgage or other lien exists," without complying with the conditions prescribed in the section; and it is wholly immaterial to inquire when such lien arose, provided it exists at the time the property covered by it was sold."

In *State v. Barden,* 64 S. C., 206, 41 S. E., 959, 960, the Court said: "The words of the statute, 'and shall fail to pay the debt secured by the same, within ten days after such sale or disposal, or shall fail in such time to deposit the amount of the said debt with the Clerk of the Court of Common Pleas for the county in which the mortgage or lien debtor resides,' do not, in strictness, constitute any part of the offense, but, on the contrary, provide the mode by which the person selling or disposing of the property under the lien may prevent the operation of the statute, if he sees fit to avail himself of such provision. It is in the nature of a privilege to the party selling the property, and not a requirement of the statute that is necessary to complete the offense."

The exact question presented by the appeal has not been passed upon by this Court. The Court has had occasion, however, to construe section 5706 in several civil cases. It has been held that the act, being a public one, puts the world on notice that the claim of a person sustaining personal injuries or property damages from the negligent and careless opera-

tion of a motor vehicle is superior to that of any other person, except the lien for state and county taxes, and that a mortgage takes with notice of the act (*Bank v. Brigman,* 106 S. C., 362, 91 S. E., 332, L. R. A. 1917-E, 925); that the lien created by the act is valid even against an innocent purchaser of the offending vehicle, and such machine may be attached in his hands in an action for the injuries (*Tate v. Brazier,* 115 S. C., 283, 105 S. E., 413); that the lien may be good even when the machine is used by someone else without the owner's consent (*Denny v. Doe,* 116 S. C., 307, 108 S. E., 95); and that the car is liable for the injuries caused by it whether the owner is the person operating it or not (*Hall v. Locke,* 118 S. C., 267, 110 S. E., 385, 386). In the last-mentioned case the Court said:

"While it is true that the remedy provided by the statute is *in rem,* nevertheless it was not the intention of the statute to supersede the right of a personal action against the owner or any other person operating the car illegally or negligently, thereby causing damages to another.

"The injured person may proceed against the offending car alone, and it may be sold under order of the Court to satisfy the damages ascertained by the jury to have been sustained by the plaintiff. But the injured person also has the right to make the owner of the car, or other person causing the damage, a party defendant, and recover a personal judgment against such person if he was operating the car illegally or negligently upon the public highway, whereby another was injured. After sale of the car by order of the Court, the proceeds, after payment of the costs, shall be credited on the personal judgment and execution issued on the personal judgment to satisfy any balance that might remain. A personal judgment cannot be recovered against the wrongdoer, unless he is made a party defendant to the action."

We are inclined to the view, from a very careful consideration of Section 172 of the Criminal Code of 1922 and Sec-

tion 5706 of the Civil Code of 1922, and of the Court's decisions interpretative thereof, that the result of Judge Mann's order should be affirmed. Section 5706 creates a lien only upon the condition that there are present two essential elements—the negligent and careless operation of the motor vehicle, and injuries resulting therefrom. If either of these elements is lacking, no lien exists. A judicial determination by a Court of competent jurisdiction, however, that these elements are present, with a fixing of the amount of damages by a final judgment of such Court, is also a judicial determination that, under the statute, a lien on the offending vehicle came into existence and attached to the vehicle at the moment the injury was inflicted. In such case, the whole world in put on notice, referable to the time of the accident, of the existence of such lien.

We think it necessary, before an indictment will lie under Section 172 for disposing of the offending motor vehicle, that such judicial determination be had, in order that the person charged with violation of the statute (Section 172) may have the opportunity to prevent its operation by paying the amount of the damages fixed by the judgment or depositing such amount with the Clerk of the Court within ten days, which would be substantial compliance with the provisions of the section; and, for the further reason, that the injured party may never seek to judicially establish the existence of a lien under the statute; and, for the still further reason that, in an action for damages on account of injuries suffered, it might later be judicially determined that no such lien ever existed, in which event there might arise the absurd situation of the State's having convicted a person of disposing of property under a lien which was nonexistent. But when the existence and amount of the lien have been judicially determined and fixed by a final judgment of a Court of competent jurisdiction, such lien, as we have stated, dates back to the moment of the injury and attaches to the offending vehicle from that time; and in such

case one who has disposed of such vehicle at any time after the injury may be indicted therefor under Section 172.

In the case at bar, it is admitted that, at the time the indictment was preferred and at the time the case was called for trial, neither the existence nor the amount of any lien on the vehicle in question had been judicially determined—in fact, no civil action in relation to the matter had been instituted.

For the foregoing reasons, the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.