13459

MOTOR DEALERS CREDIT CORPORATION v. HEISE, SHERIFF

(164 S. E., 900)

390

*Mr. J. W. Crews,* for appellant,

*Messrs. J. Fraser Lyon* and *C. K. Wingate,* for respondent,

July 28, 1932.

The opinion of the Court was delivered by W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

Under Section 2540 of the Code of 1932, the Tax Commission of this State is authorized to collect certain license taxes from all soft drink concerns doing business in this State, the full text of the law being embraced in the Act of 1928 (35 St. at Large, p. 1089).

Chero-Cola Bottling Company was engaged in business in Columbia, and on or about May 19, 1928, an audit of its books revealed the fact that there was due the State

on license taxes from May 10, 1925, to May 19, 1928, the sum of $19,987.12. The record does not fully disclose why this large amount was allowed to accumulate. At any rate, upon discovery, the Tax Commission imposed the legal penalty of 50 per cent. and proceeded to attempt collection of $29,980.68.

On December 4, 1928, the Tax Commission placed in the hands of T. Alex Heise, as Sheriff of Richland County, its execution directing the Sheriff to seize and sell the property of the bottling company to satisfy the license tax.

Amongst other things seized by the Sheriff was an automobile admittedly used daily in the operation and conduct of the business of Chero-Cola Bottling Company. This automobile was purchased by the bottling company on April 30, 1928, the bottling company giving its notes for the deferred payments payable monthly. These notes were secured by a chattel mortgage on the car, and on the same day the notes and mortgage were assigned to the plaintiff herein. The mortgage was duly recorded on the day of its execution.

Learning of the seizure of the car by the Sheriff, plaintiff brought suit in claim and delivery against the Sheriff on January 2, 1929, obtained possession of the car, and disposed of it. In that suit the question was raised as to who had a prior lien upon the car, the plaintiff by reason of its recorded mortgage, or the defendant by reason of the statutory tax lien. The County Court for Richland County tried the case without a jury by consent and rendered a verdict in favor of the Sheriff. The value of the car as fixed was $500.00. The priority of these liens is the only point raised by the appeal, and this question must be decided by a construction of Section 20 of the Act of 1928, now Section 2540 of the Code.

Were it not for the provisions in the proviso to this section, the lien of the plaintiff would surely be protected and would rank ahead of the tax lien. However, the proviso apparently governs the present case, especially the

words which are placed in italics in the following quotation: *"Provided,* That any license taxes imposed hereunder shall be a first preferred tax lien upon any and all of the personal property of the taxpayer, used or to be used in said business, *and shall also rank in priority above all other liens on taxpayers' property, used in his business* and incurred after the beginning of said business."

The Act was approved and went into effect on March 10, 1928, and the mortgage, bearing date of April 30, 1928, was taken subject to the provisions of the Act. When the mortgage was executed the holder thereof had notice by the terms of the Act that if the automobile were being used in the business of the mortgagor and if the mortgagor failed to pay its license taxes, then the lien of the license tax would rank in priority over the mortgage. Both conditions have operated against the plaintiff herein; the license tax was not paid and the car was used daily in the business of the mortgagor. Nor can the plaintiff herein claim a higher right than the original mortgagee from which the plaintiff herein took the mortgage by way of assignment.

That the lawmaking body of this State has the power to give priority to a lien over a duly recorded mortgage is shown by the case of *Merchants' & Planters' Bank v. Brigman,* 106 S. C., 362, 91 S. E., 332, L. R. A., 1917-E, 925. Nor under the authority of this case does it make any difference that the mortgage is past due or that the condition has been broken.

It is the judgment of this Court that the judgment of the County Court of Richland County be, and same is hereby affirmed.

Mr. Chief Justice Blease and Messrs. Justices Stabler, Carter and Bonham concur.