14209

WALDROP v. M. & J. FINANCE CORPORATION

(183 S. E., 460)

See, also, 176 S. C., 490; 180 S. E., 555.

*Messrs. C. Yates Brown* and *Horace L. Bomar,* for appellant,

*Messrs. Hannon & Lancaster* and *L. G. Southard,* for respondent,

January 15, 1936.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This is an action based on an amended complaint charging the defendant corporation with the unlawful, fraudulent, and reckless conversion of a certain Ford coupé, No. C— 180163, S. C., 1934. The amended complaint sets forth a judgment alleged to have been obtained against said Ford coupé in the County Court for Spartanburg County, November 16, 1934, based upon the verdict of a jury rendered November 14, 1934, in favor of plaintiff, E. J. Waldrop, for $200.00 actual damages and $100.00 punitive damages. The Ford coupé belonged to one J. R. Kilpatrick, and at the time of the above verdict defendant corporation had a past-due chattel mortgage on the car which had been executed by J. R. Kilpatrick on February 24, 1934. On October 24, 1934, which was after respondent had sustained his injuries, the said J. R. Kilpatrick executed an instrument to appellant, voluntarily surrendering said Ford coupé. Under this instrument and the past-due chattel mortgage, appellant took peaceable possession of said coupé, on November 7, 1934, and had it removed without the jurisdiction of the Court. The record shows that there was no attachment on the car.

At the close of the testimony on the trial of the case, appellant moved for the direction of a verdict in its favor on the ground that the testimony did not support an action for conversion. The motion was refused. A motion was also made for a directed verdict as to punitive damages, which was also refused.

Appellant appeals from the judgment entered on the verdict. There are five grounds of appeal, and each will receive due consideration, but it is unnecessary to discuss them separately.

This case is brought under the provisions of Section 8785 of the Code of 1932, the pertinent part of which section is as follows: "When a motor vehicle is operated in violation

of the provisions of law, or negligently and carelessly, and when any person receives personal injury thereby, or when a buggy or wagon or other property is damaged thereby, the damages done to such person or property shall be and constitute a lien next in priority to the lien for State and county taxes upon such motor vehicle, recoverable in any court of competent jurisdiction, and the person sustaining such damages shall have a right to attach said motor vehicle in the manner provided by law for attachments in this State," etc.

It is settled law in this State that in order to maintain an action for conversion it is necessary for plaintiff to show title or right to possession of the chattel at the time of the conversion. Appellant contends that the provisions of the above-quoted section do not give the plaintiff in this case a lien that would support this action.

We cannot agree with this contention. This question is definitely settled by the case of *State v. Campbell,* 159 S. C., 128, 155 S. E., 750, 752, in which Mr. Justice Stabler (now Chief Justice) said: "Section 5706 [now Section 8785] creates a lien only upon the condition that there are present two essential elements—the negligent and careless operation of the motor vehicle, and injuries resulting therefrom. If either of these elements is lacking, no lien exists. A judicial determination by a court of competent jurisdiction, however, that these elements are present, with a fixing of the amount of damages by a final judgment of such court, is also a judicial determination that, *under the statute, a lien on the offending vehicle came into existence and attached to the vehicle at the 'moment the injury was inflicted. In such case, the whole world is put on notice, referable to the time of the accident, of the existence of such lien."* (Italics added.)

Under that clear statement of the law governing this case, it is clear that regardless of whether or not the car had been attached, the plaintiff had a lien thereon, next in priority to the lien for State and county taxes, dating

back to the moment the vehicle came into collision with plaintiff's automobile.

Is the lien thus established sufficient to support an action for a conversion committed before the judgment was entered? The quotation from *State v. Campbell, supra,* holds that when the judgment is entered "the whole world is put on notice, *referable to the time of the accident,* of the existence of such lien." (Italics added.) Therefore the appellant in this case had been put on notice, referable to the time of the accident, that plaintiff had such a lien.

From the case of *Durant v. Home Bank,* 129 S. C., 283, 124 S. E., 12, we quote syllabus 3: "One who receives and disposes of personal property subject to and with notice of a lien is liable to lienee in damages."

Plaintiff in the case at bar had a lien on the car; defendant had notice of such lien and removed and disposed of the property; defendant is therefore liable to plaintiff in damages. We think it is clearly established that plaintiff had such a claim upon this car as entitled him to maintain his action in trover and conversion.

Appellant contends that there is no evidence to support a verdict for punitive damages. This contention cannot be sustained. The witness John L. Lancaster testified that Mr. Sikes, secretary and treasurer of the defendant corporation, had stated to him that "he had a mortgage and wanted to defeat the judgment." It is true that Mr. Sikes denied this statement, but it made a question of fact which the jury decided in favor of plaintiff.

We find no error in the charge of the trial Judge.

The judgment of this Court is that the judgment of the Court below be, and is hereby, affirmed, and the appeal dismissed.

Mr. Chief Justice Stabler and Messrs. Justices Carter, Baker and Fishburne concur.