18040

Ervin W. SEXTON, Jr., Respondent, v. HARLEYSVILLE MUTUAL
CASUALTY COMPANY, Appellant

(130 S. E. (2d) 475)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,*

*Messrs. Watkins, Vandiver, Freeman & Kirven,* of Anderson, *for Respondent,*

March 13, 1963.

Moss, Justice.

Harleysville Mutual Casualty Company, the appellant herein, did, on June 10, 1960, issue to Ervin W. Sexton, Jr., the respondent herein, an automobile liability policy covering one 1960 Chevrolet Impala Sport Coupe, and agreed:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile."

The aforesaid policy contained a provision that no action should lie against the Company until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by a written agreement of the insured, the claimant and the Company.

In October of 1960, while the aforesaid policy was in force and effect, the respondent parked his insured automobile in front of the home of one of his friends. While the respondent was inside the home of his friend, the insured automobile was stolen by a person unknown, and while the thief was operating the stolen automobile it caused damage to the property of four persons, who, thereafter, instituted suit to recover their property damage. The damaged property owners brought their suits *in rem* against the Chevrolet automobile, and *in personam* against the respondent, and the Chevrolet automobile was attached pursuant to Section 45-551 of the 1952 Code of Laws of this State.

The appellant defended the respondent at the trial of the aforesaid cases but no one represented the defendant automobile. The trial of the cases resulted in a direction of a verdict in favor of the respondent, thus relieving him of any personal liability or obligation to the respective damaged property owners. However, a judgment was rendered in the *in rem* proceedings against the automobile in a total amount in ex-

cess of $850.00. The parties have stipulated that the value of the said automobile at the time it was stolen was $850.00. It was further stipulated that the respondent paid the sum of $800.00 to the damaged property owners in full settlement and satisfaction of their respective claims in order to obtain a release of the said automobile from the lien of attachment which had been placed thereon by the respective damaged property owners.

The present action was instituted by the respondent against the appellant to recover the sum of $800.00 which he had paid out in order to discharge the lien against the Chevrolet automobile, which he asserts he was legally obligated to pay in order to preserve his property and to discharge the judgment liens thereon. He further asserts that under the liability insurance policy issued by the appellant it is liable to him for the sum of $800.00 which he paid out in discharge of the liens against his automobile. The appellant contends that it is not liable to the respondent because he was not legally obligated to pay the judgments recovered by the damaged property owners against the insured automobile.

This case came on for trial before the Honorable Earle M. Rice, County Judge of Anderson County, and was submitted to the Court on an agreed statement of facts. The Trial Judge found for the appellant and held that the respondent was not entitled to recover because of the fact that he was not legally obligated to pay the judgments obtained against· his automobile in the previous actions. Thereafter, the respondent appealed from the decision of the County Judge to the Court of Common Pleas for Anderson County, pursuant to Section 43-564 of the Code. The appeal was heard by the Honorable James B. Pruitt, Resident Judge, and an order was entered reversing the order of the County Judge, holding that the respondent was legally obligated to pay the judgments obtained against his automobile and that the appellant was liable to the said respondent for the amount so paid. The case is before this Court upon an appeal from such order.

The sole question for determination is whether the Trial Judge committed error in holding that the respondent was legally obligated to pay the judgments obtained in the *in rem* proceedings against his automobile. It is conceded that if respondent was legally obligated to pay such judgments, then the appellant is liable to the respondent under the terms of the liability insurance policy issued by it.

Section 45-551 of the Code provides:

"When a motor vehicle is operated in violation of the provisions of law or negligently, carelessly, recklessly, willfully or wantonly and any person receives personal injury or property is damaged thereby * * * damages recoverable therefor shall be and constitute a lien next in priority to the lien for State and county taxes upon such motor vehicle, recoverable in any court of competent jurisdiction, and the person sustaining such damages * * * may attach such motor vehicle in the manner provided by law for attachments in this State. But this lien shall not exist if the motor vehicle was stolen by the breaking of a building under a secure lock or when the vehicle is securely locked."

In *Merchants & Planters Bank v. Brigman et al.,* ██ 106 S. C. 362, 91 S. E. 332, L. R. A. 1917E, 925, this Court held that the foregoing statute making a motor vehicle that inflicted injury liable for the damages and providing attachment of the same is not taking property without due process of law in violation of Article I, Section 5, of the Constitution of 1895, and the Fourteenth Amendment to the Constitution of the United States. It follows, therefore, that a lien for damages resulting from the negligent operation of a motor vehicle is the taking of such property by due process of law. In *Tolbert v. Buick Car,* 142 S. C. 362, 140 S. E. 693, it was held that the purpose of the statute was to afford a sure remedy to the injured party in instances where the damage comes within the purview of the foregoing statute. The foregoing section creates a lien when the motor vehicle is negligently and carelessly operated and injuries result therefrom. *State v. Campbell,*

159 S. C. 128, 155 S. E. 750. A judicial determination by a Court of competent jurisdiction that the essential elements of the lien are present, with a fixing of the amount of damages by a final judgment of such Court, is also a judicial determination that, under the statute, a lien on the offending vehicle came into existence and attached to such vehicle at the moment the injury was inflicted. *Waldrop v. M. & J. Finance Corp.*, 178 S. C. 527, 183 S. E. 460, and *Stephenson Finance Co. v. Burgess et al.*, 225 S. C. 347, 82 S. E. (2d) 512. The statutory lien does not attach if the offending motor vehicle was stolen by the breaking of a building under a secure lock or when the vehicle is securely locked. We must assume in this case, in view of the final judgments against the offending automobile, that it was not stolen while it was securely locked. The lien attaches to an offending automobile even though such was stolen when the vehicle was not securely locked. *Ex parte Maryland Motor Car Ins. Co.*, 117 S. C. 100, 108 S. E. 260.

A judgment *in rem* does not operate *in personam* or create any personal liability. It operates only on the property which is the subject of the litigation and is within the jurisdiction of the Court rendering the judgment. The case of *Hall v. Locke,* 118 S. C. 267, 110 S. E. 385, was an action brought against the owner of an automobile which collided with and damaged plaintiff's car in which the defendant was alleged to have operated the automobile negligently, and it was held that proof that the defendant was not operating the automobile and was not even present, though it prevents a recovery of a personal judgment against him, such does not prevent a judgment establishing the statutory lien for damages against the automobile. Thus when the defendant was eliminated as a party to the action such was converted into a proceeding *in rem.*

The appellant here agreed "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property." However, as a condition precedent to such liabil-

ity it was provided that "no action shall lie against the Company * * * until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the Company."

The *in rem* judgment against the automobile of the respondent constituted a lien thereon but such constituted no judgment against the insured. When the action is one *in rem,* as here, the statute makes the automobile liable but not the owner. *Merchants & Planters Bank v. Brigman et al.,* 106 S. C. 362, 91 S. E. 332.

A policy of automobile liability insurance which provides that no action shall lie against the Company on any claim or for any loss until the amount of such claim or loss shall have been fixed and rendered certain either by judgment against the insured after trial of the issue or by agreement between the parties with the written consent of the Company, makes it a condition precedent to the commencement of an action against the Company that the amount of any claim or loss shall first be fixed and rendered certain either by judgment against the insured or by agreement between the parties with the written consent of the Company. *Pickett v. Fidelity & Casualty Company,* 60 S. C. 477, 38 S. E. 160; *Walker v. New Amsterdam Casualty Company,* 157 S. C. 381, 154 S. E. 221; *Pharr v. Canal Insurance Company,* 233 S. C. 266, 104 S. E. (2d) 394. In the last cited case with reference to the "no action" clause contained in the policy there under consideration, we said:

"It appears from the foregoing provision of the liability policy that no action can be brought against the insurer until the amount of the insured's obligation shall have been finally determined by a judgment against the insured, and then, that any person securing such judgment shall be entitled to recover under the policy to the extent of the insurance afforded thereby. * * *"

In the case of *Slattery v. Merchants Mut. Casualty Company*, 125 Conn. 507, 7 A. (2d) 383, it appears that an action by an injured person was brought against the owner and the driver employee of the owner of an automobile. Judgment was rendered against the employee but in favor of the owner, on the ground that at the time of the accident the employee was driving the car on his own business and frolic. It was held that under the provisions of the policy, which contained no omnibus coverage, that no recovery against the Company by the injured person should be had until the amount of the loss or expense had been finally determined either by judgment against the insured after actual trial or by written agreement of the assured, the claimant and the Company. It was held that under the foregoing provision that no right of recovery existed in favor of the injured person who had recovered a judgment against the employee but not against the assured owner; the Court concluding that the judgment in favor of the owner in the original action was conclusive in the present action against the plaintiff's right to recover from the insurer.

It was held in *Gray v. Houck*, 167 Tenn. 233, 68 S. W. (2d) 117, that as the recovery of a judgment against the insured was a condition precedent to his right of recovery against the insurer under a "no action" clause of the policy, the injured party had no right of action by garnishment to proceed against the insurer to collect under the policy, without obtaining a judgment against the insured. The Court said:

"The defendant herein has not suffered damage for which he is entitled to call upon his insurer for indemnity. Such damage will arise only from a judgment against him, or from a written agreement fixing the amount of the liability, according to the terms of the insurance contract. Until such contingency occurs, there can be no breach of the contract to indemnify, and no right of action which the defendant or his creditor can prosecute against the insurer."

In the instant case the record fails to show that the insured became legally obligated to pay as damages the amount of the *in rem* judgments obtained against his automobile by the damaged property owners. A further condition precedent to liability of the appellant is lacking. The only obligation assumed by the appellant was to satisfy claims made against the insured when such claims are matured by judgment or by written agreement of the parties interested. The insured has no right of action against the appellant in the absence of a judgment against him or an agreement fixing the amount of damages. The existence of such right of action is contingent upon the rendition of a judgment against the insured. Since there is an absence of a judgment against the insured he cannot maintain this action and is barred by the provision of the policy which forbids an action against the Company until the insured's obligation is fixed by a judgment against him.

The judgment of the lower Court is reversed and the cause remanded for entry of judgment in favor of the appellant under Rule 27.

Reversed and remanded.

TAYLOR, C. J., and LEWIS and BRAILSFORD, JJ., concur.

BUSSEY, J., dissents.

BUSSEY, Justice (dissenting).

Finding myself unable to concur in the opinion prepared by Mr. Justice Moss, I shall attempt to set forth as briefly as possible the reasons for my dissent. The exceptions of the appellant really raise only one question, which is whether there was any legal obligation on the part of the respondent to pay the damages of the claimants to the extent that he did.

It is, of course, well settled that Section 45-551 of the Code, under the facts of this case, makes the automobile itself liable for the damages, which liability may be enforced in an action *in rem*. *Tolbert v. Buick Car,* 142 S. C. 362,

140 S. E. 693; *Merchants & Planters Bank v. Brigman,* 106 S. C. 362, 91 S. E. 332. It was said in the last cited case that, "the machine is made liable, not the owner, but the machine." The quoted language is, of course, quite correct in that the Code section imposes no personal liability against the owner over and above the loss of his automobile, or, in practical effect, its value at the time of its seizure under the lien created by the statute. However, to this extent the Code section does impose a legal liability upon the owner of the automobile.

The Code section imposes a lien upon the automobile. "In its most general significance a lien is a charge upon property for the payment or dicharge of a debt or duty." 33 Am. Jur. 419, Liens, Section 2. The foregoing concise definition of a lien is substantiated by innumerable cases collected in 25 Words and Phrases, "Lien", 361, *et seq.*

Thus, it seems to me that the establishment of a lien upon the automobile by the statute creates a legal debt or duty on the part of the owner of the automobile to pay and satisfy the claims to the damaged parties to the extent of either the automobile itself or its value at the time it is seized under the lien.

Here, the value of the automobile at the time of its seizure under the liens does not appear in the record. However, it is stipulated that its value prior to its theft was eight hundred fifty dollars, and it is certainly a reasonable inference that it was worth at least eight hundred dollars at the time of its seizure under attachment or else the respondent would not have paid that much for its release. In any event, no exception on the part of the appellant raises any question as to the value of the automobile at the time of seizure. The appellant's only contention, properly before the court on this appeal, is that under the circumstances here the respondent was not legally obligated to pay anything. As I see it, the manner of respondent's payment is immaterial in consdering his legal obligation. The judgments of the claim-

ants, being in the aggregate in excess of the value of the automobile, left the respondent in the position of being legally liable to either surrender his automobile or to pay, as he did, its value. In either event, he was legally obligated to pay out the equivalent of eight hundred dollars.

In my view, the contention of the appellant here can only be sustained by construing the contractual provisions strictly in favor of the appellant, contrary to our well established rule that the terms of an insurance contract prepared by the insuror must be construed liberally in favor of the insured. *Carolina Veneer & Lumber Co. v. American Mut. Liability Ins. Co.,* 202 S. C. 103, 24 S. E. (2d) 153.

The effect of the "no action" clause of the policy on this controversy, if any, is not properly before us as no exception on the part of the appellant raises this issue. Moreover, it was not passed upon in the lower court. Even if it were properly before us, it should be pointed out that in the case of *Pharr v. Canal Insurance Co.,* 233 S. C. 266, 104 S. E. (2d) 394, a similar provision was construed by this court as being for the benefit of the damaged party. Moreover, here the amount of the obligation to pay on the part of the respondent, if any, has been determined both by stipulation and by a judgment, although the judgment was not against the insured personally. The controversy before us on this appeal does not involve any question as to the amount, it only involves the contention of the appellant that respondent was not legally obligated to pay anything.

For the foregoing reason, I would affirm the judgment of the lower court.