## 18395

Cecil WILLIAMS, Appellant, v. PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Respondent

(143 S. E. (2d) 797)

*Messrs. W. T. Klapman* and *Lofton M. Fanning,* of Orangeburg, *for Appellant,*

*Messrs. Horger & Horger,* of Orangeburg, *for Respondent,*

August 26, 1965.

TAYLOR, Chief Justice.

This appeal arises out of an action instituted by Appellant to recover damages incurred as a result of Respondent's alleged failure to honor a contract of automobile insurance issued to Appellant on August 29, 1963, and certified as proof of financial responsibility. The matter was heard without a jury by the Honorable Louis Rosen, Resident Judge of the First Judicial Circuit, who, in his Order of September 26, 1964, granted Respondent's motion for a directed verdict.

The policy covered a 1963 Ford Galaxie and Respondent agreed therein "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as, damages because of: * * * Injury to or destruction of property, * * *; arising out of the ownership, maintenance or use of the owned automobile or any nonowned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if

any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient. * * *"

There was also a provision that no action should lie against the company until the "insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

While the aforesaid policy was in full force and effect, Appellant's automobile was stolen or borrowed on November 2, 1963, from a service station where it had been parked and was thereafter involved in an accident with a third party on the same date. Subsequently, the vehicle of Appellant was attached, under the provisions of Section 45-551, Code of Laws of South Carolina, 1962, and Respondent notified of the attachment. Respondent, however, declined to defend the *in rem* action brought by the third party against the Ford automobile; and Appellant, through his own attorneys, entered into a settlement agreement and obtained the release of his automobile from the attachment prior to judgment.

In *Sexton v. Harleysville Mutual Casualty Company*, 242 S. C. 182, 130 S. E. (2d) 475, the Court had under consideration the identical policy provisions involving the attachment of an automobile; and it was stated therein:

"A judgment *in rem* does not operate in personam or create any personal liability. It operates only on the property which is the subject of the litigation and is within the jurisdiction of the Court rendering the judgment. * * *

"The appellant here agreed 'to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property.' However, as a condition precedent to such liability it was provided that 'no action shall lie against the Company * * * until the amount of the insured's obli-

gation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the Company.'

"The *in rem* judgment against the automobile of the respondent constituted a lien thereon but such constituted no judgment against the insured. When the action is one *in rem,* as here, the statute makes the automobile liable but not the owner. *Merchants & Planters' Bank v. Brigman, et al.,* 106 S. C. 362, 91 S. E. 332. [L. R. A. 1917E., 925.]

"In the instant case the record fails to show that the insured became legally obligated to pay as damages the amount of the *in rem* judgments obtained against his automobile by the damaged property owners."

Appellant concedes under the terms of the policy and the construction placed on identical policy provisions in the *Sexton* Case, *supra,* 242 S. C. 182, 130 S. E. (2d) 475, that Respondent would have no responsibility in this case. He, however, contends that the policy here does not comply with the provisions of Section 46-750.13, Code of Laws of South Carolina, 1962, (now Section 46-750.32, Cumulative Supplement) and that the requirements thereof must be read into and become part of the contract between the parties.

Section 46-750.32 provides that "[n]o policy or contract of bodily injury liability insurance or of property damage insurance covering liability arising from the ownership, maintenance or use of any motor vehicle, shall be issued or delivered in this State * * *, unless it contains a provision insuring the persons [named therein] * * *, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicles * * *."

Respondent is obligated by the terms of the policy to pay "all sums which the insured shall become legally obligated to pay as damages," while under the Code Section heretofore referred to a liability insurance policy

must insure "against loss from the liability imposed by law for damages." All Statutory provisions relating to an insurance contract are a part of the contract, *New York Life Insurance Co. v. Greer*, 170 S. C. 151, 169 S. E. 837; *Laird v. Nationwide Insurance Co.*, 243 S. C. 388, 134 S. E. (2d) 206; and the provisions of Section 46-750.32, Code of Laws of South Carolina, 1962, Cumulative Supplement, must be considered as though they were written therein.

We are however, of the opinion that the lien against ■■ Appellant's automobile under the provisions of Section 45-551, Code of Laws of South Carolina, 1962, is not within the coverage afforded Appellant under Section 46-750.32 of the Code as this section protects the insured against loss from liability imposed by law while Section 45-551 imposes no personal liability against Appellant but relates to the automobile only; that the Order appealed from should be affirmed, and it is so ordered.

Affirmed.

Moss and LEWIS, JJ., concur.

BUSSEY and BRAILSFORD, JJ., dissent.

BUSSEY, Justice (dissenting) :

I most respectfully dissent. The case of *Sexton v. Harleysville Mutual Casualty Co.*, 242 S. C. 182, 130 S. E. (2d) 475, is, to my mind, neither controlling nor persuasive in the decision of this case. That case was decided strictly on the basis of the language contained in the policy, the applicability of any statutory provision not being either raised or considered.

Here we are dealing with a policy which was certified as proof of financial responsibility under the provisions of the Motor Vehicle Safety Responsibility Act, and, consequently, the provisions of Section 46-750.13, Code of Laws of South Carolina, 1962, (now Section 46-750.32, cumulative supplement), clearly control the decision of this case. *New York*

*Life Insurance Co. v. Greer,* 170 S. C. 151, 169 S. E. 837; *Laird v. Nationwide Insurance Co.,* 243 S. C. 388, 134 S. E. (2d) 206. By virtue of the statutory provision the policy here insured appellant "against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of" the insured motor vehicle. I respectfully submit that the language of the statute does not restrict or limit coverage to an *in personam* liability or judgment against appellant, but provides for coverage against all loss from liability imposed by law for damages arising out of the ownership, maintenance or use of the vehicle. It is true that Section 45-551 of the Code, the attachment statute, imposed no personal liability upon the appellant, but it did impose upon appellant liability for the loss of either his automobile, or the value thereof, to the extent of the damage sustained by the innocent party, and the loss of such automobile, or its equivalent value, is to my mind clearly a loss from a liability imposed by law for damages arising out of the ownership and/or use of such motor vehicle.

What is now Section 45-551 of the Code was originally enacted in 1912, forty years prior to the enactment of the Motor Vehicle Safety Responsibility Act, but it is in *para materia* with said act in that the purpose of both acts is to protect persons injured or damaged through the negligent operation or use of automobiles. The legislature in adopting the latter act was of necessity cognizant of the fact that the loss of a person's automobile, or the value thereof, by virtue of Section 45-551 was a loss imposed by law for damages arising out of the ownership, maintenance or use of a motor vehicle.

By the plain language of the statute it seems clear to me that the appellant here had coverage against the loss sustained. Websters' International Dictionary, 3rd Edition, gives as the first definition of the word "loss" the following,

"The act or fact of losing; failure to keep possession; deprivation."

The word "loss" is a relative term and means failure to keep that which one has. *In re* Gordon, 317 Pa. 161, 176 A. 494, 498; *Foehrenbach v. German-American Title & Trust Co.,* 217 Pa. 331, 66 A. 561, 563, 12 L. R. A., N. S., 465; *First National Bank & Trust Co. of Port Chester, N. Y. v. New York Title Ins. Co.,* 171 Misc. 854, 12 N. Y. S. (2d) 703, 711.

Here the appellant clearly lost that which he had and his loss resulted from the liability imposed by law for damages arising out of the ownership and use of the insured motor vehicle. The judgment of the lower court should, therefore, be reversed and the cause remanded.

BRAILSFORD, J., concurs.