# CARROLL,

## DECEMBER TERM, A. D. 1844.

### STATE v. LORD.

In an indictment alleging that the defendant erected a dam at a certain place and thereby overflowed a certain highway and rendered it impassable, the gravamen of the complaint is that the defendant caused the injury to the highway by means of the dam, and it is not necessary to prove the situation of the dam precisely as it is laid.

The indictment alleged that the dam was partly in New-Hampshire and partly in Maine. The evidence was that it was entirely in Maine. *Held,* that the averment might be treated as surplusage. It is not so descriptive as to require it to be proved. If it were struck out the indictment would stand good.

The nuisance being in this State it is not important that the dam which occasioned it is in Maine.

INDICTMENT, alleging that the defendant at Effingham in said county, on, &c., made and erected and caused to be made and erected a certain mound or dam across the ditch on the northerly side of the traveled part of the public road leading from Lord's store so called in said Effingham to Parsonsfield in the State of Maine, where the road crosses the line between Effingham and Parsonsfield; "which dam or mound is erected and is situated partly in said Effingham and partly in said Parsonsfield," and which prevented the water from passing off in Parsonsfield, and caused it to flow back and overflow said road from said line for the length of five rods in Effingham, to the great damage of the road; and caused the road at the time of heavy rains to become wet and spongy and unfit to be traveled, &c., to the great damage and common nuisance of the good citizens, &c.

The defendant pleaded not guilty, and offered evidence tending to show that the dam was wholly within the town of Parsonsfield, and contended that he therefore was not liable upon this indictment whatever damages might have accrued to the public highway in the town of Effingham by reason of the erection of the dam.

The court instructed the jury that if the defendant erected the dam and thereby obstructed the public easement by overflowing and gullying the road in Effingham, so that the use of the road was rendered dangerous and impracticable, he was liable although no part of the dam was within this State; that for the erection of the dam alone he could not be liable in this way, unless it obstructed or damaged the public easement; and that it was the damage to this easement which was the gist of the complaint, and for this only could he be liable.

The jury returned a verdict against the defendant.

*McIntire* (of Maine), for the defendant. The indictment alleges a nuisance in New-Hampshire and Maine. The defendant denies any thing in New-Hampshire. The prosecutor must prove what is alleged in the indictment.

*Walker*, Attorney-General, for the State. Nuisances are punishable by fine and imprisonment at common law. 1 Russell on Crimes (Ed. 1841) 305.

If a nuisance be in one county and it affect the public in another, it may be punished in either. 1 Ch. Cr. Law (Ed. 1836) 193. The same rule holds good in the case of different States.

PARKER, C. J. If the gravamen of the complaint in this case was the erection of the dam, the prosecution must fail by reason of the variance between the indictment and the evidence in relation to the place where it was situated, and no indictment could be sustained here, because the

offence, according to the evidence, would have been committed without the jurisdiction of the court.

But the gist of the offence charged is not in the erection of the dam, but in the overflowing and damaging of the highway in Effingham. The variance between the indictment and the evidence respecting the precise situation of the dam by means of which the defendant caused the nuisance in the highway, is therefore immaterial. The averment that the dam was situated partly in Effingham and partly in Parsonsfield, may be rejected as surplusage. Starkie on Crim. Pl. 273; 2 Hawk. P. C. 340; 3 Fairfield 361; 15 Maine 476. That averment is not descriptive in a sense which requires that it be proved. If it were struck out the indictment would stand good.

The nuisance complained of being within this State, it is not important that the dam which occasioned it was in the State of Maine.

*Judgment on the verdict.*