June 30, 1921. The opinion of the Court was delivered by
The following statement appears in the record:
"James C. Otis commenced his action in the County Court of Richland County, against N.B. Cooper by the service of a summons dated October 18, 1920, together with a complaint, alleging that on June 20, 1920, he suffered damages by reason of the negligence of defendant in the operation of an automobile on the public highway in Richland County. The summons and complaint were filed October 20, 1920, together with an affidavit in attachment, whereupon a warrant of attachment issued directing the sheriff to seize the automobile referred to in the complaint and affidavit. Service was made October 20, 1920, and the sheriff took the automobile into his possession the same day. At the return of the writ Maryland Motor Car Insurance Company claimed the automobile as its property and made demand in writing on the sheriff that the car be delivered to it forthwith, whereupon the sheriff notified the plaintiff that the insurance company had claimed the car and unless the undertaking required by Section 287 of the Code was given he would not keep the car. Plaintiff contested the insurance company's claim and gave the undertaking.
"Thereafter the insurance company served the plaintiff in attachment with notice that it would submit its petition *Page 104 
and affidavits to the Judge of the County Court on the 8th day of November, 1920, and request that an issue be made up under his direction, pursuant to the provisions of Section 287 of the Code, to try the question of whether the automobile was its property and was being unlawfully withheld from it.
"Claimant by its petition and affidavits alleged that the automobile had been stolen from a dealer in the city of Richland, Va., under circumstances more fully set forth in its petition and affidavits, and that claimant had become subrogated to the rights of that dealer and was the owner of the car by reason of having paid for the loss under a policy of insurance issued by it and by a written instrument assigning the right, title, and interest of the dealer to claimant, and that it was entitled to have the car delivered to it forthwith. The petition further alleged that claimant was being deprived of its property without due process of law in violation of the `due process' clauses of the State and Federal Constitutions.
"When the motion was called for a hearing counsel for the plaintiff in attachment admitted, for the sake of argument, that the car was the property of the insurance company, and that it had been stolen in the manner claimed, but contended that, as it did not appear that the car had been stolen by the breaking of a building under a secure lock or while the vehicle was securely locked, the plaintiff in attachment was entitled to have the car sold and the proceeds of the sale applied to the satisfaction of any judgment that might be recovered as the Acts of 1912, p. 737, authorized a proceeding in rem whereby the car was responsible in any event except in cases coming strictly within the exemptions set forth in the statute.
"The Court below decided in favor of the plaintiff in attachment, and held there were no issues to submit, and, the order being final as to claimant, this appeal has been taken." *Page 105 
The question raised by the exceptions (which will be reported) is whether the statute adopted in 1912, entitled "An act to further regulate the running of motor vehicles in this State," is constitutional. The statute is as follows:
"When a motor vehicle is operated in violation of the provisions of law, or negligently and carelessly, and when any person receives personal injury thereby, or when a buggy or wagon or other property is damaged thereby, the damages done to such person or property shall be and constitute a lien next in priority to the lien for State and County taxes, upon such motor vehicle, recoverable in any Court of competent jurisdiction, and the person sustaining such damages shall have a right to attach such motor vehicle in the manner provided by law for attachments in this State; provided, that this act shall not be effective in case the motor vehicle shall have been stolen by the breaking of a building under a secure lock, or when the vehicle is securely locked."
The question now before us was under consideration in the case of Merchants' Planters' Bank v. Brigman et al.,106 S.C. 362; 91 S.E., 332; L.R.A. 1917E, 925, and the Court held that the statute was constitutional. The principle therein announced was afterwards followed in the case of Stewart v. Collier, 112 S.C. 258; 99 S.E., 838. The doctrine announced in those cases is reaffirmed in this case. We desire to call special attention to the proviso in the statute, which affords reasonable, if not ample, protection to the owner of the car against theft, in case he places his car in a building under a secure lock, or locks the car securely.
In the case of Grant Co. v. United States, 254 U.S. 505;41 Sup. Ct., 189; 65 L.Ed. ___, the Court held that Section 3450 of the Revised Statutes of the United States (U.S. Comp. St. § 6352), which provides for the forfeiture of any conveyance, etc., used in the removal of any goods or commodities with intent to defraud the United *Page 106 
States of the tax thereon, applies to an automobile used in the unlawful removal of distilled spirits, though a seller of the automobile, who retained title for the unpaid purchase money, was without guilt and that the statute so applied did not violate the Fifth Amendment of the Federal Constitution relative to due process of law, as the thing forfeited was primarily considered the offender. In that case the Court said:
"It is the illegal use that is the material consideration; it is that which works the forfeiture, the guilt or innocence of its owner being accidental."
Applying that language to the present case, it is the negligent operation of the motor vehicle, whereby any person receives injury to his person or property, that is the material consideration. It is that which gives rise to the lien on the offending automobile; the guilt or innocence of its owner being incidental.
Appeal dismissed.