A judgment on the verdict of a jury, for the sum of $500, was recovered by the appellee against the appellant, and the driver of his automobile, for injuries sustained in its collision with the appellee's car at the intersection of Chase Street and Patterson Avenue in Baltimore. The only exception in the record was taken because of the action of the trial court in granting an instruction proposed by the plaintiff, and in refusing to direct a verdict in favor of the defendant, who owned the car which collided with the *Page 117 
plaintiff's automobile. The other defendant has not joined in the appeal. It appears from the evidence that the collision occurred as the plaintiff's car was moving westwardly on Chase Street and across Patterson Avenue, and as the defendant's car was proceeding along that avenue and across Chase Street in a northerly direction. The plaintiff's car, therefore, it is claimed, had the right of way. (Code, art. 56, sec. 163.) It had reached a point about halfway across the avenue when, according to the plaintiff's proof, it was struck on its left side by the other car as it came from the south. It was testified that the appellant's car was moving at a high rate of speed. The evidence as to the facts is conflicting, but upon the theory that the plaintiff and the driver of his car, by whose side he was seated, ought to have seen the approaching automobile of the appellant in time to avoid the collision, it is argued that they were guilty of such contributory negligence as to warrant an instruction denying recovery. The driver of the plaintiff's car testified that he sounded his horn and looked to the right and left as he started to cross Patterson Avenue, and that he did not see the appellant's car until the moment of the impact. In view of the precautions and other circumstances thus described, the apparent assumption by the plaintiff and the driver of his automobile that their right of way would not be disregarded by the driver of a car approaching from the left does not warrant a decision that the case should have been withdrawn from the jury on the ground of contributory negligence. Brown v. Patterson, 141 Md. 293;Kelly v. Huber Baking Co., 145 Md. 321.
The appellant was not an occupant of his car at the time of the accident, and the main contention is that the driver of the car was not then acting within the scope of any agency or employment by virtue of which the appellant might be held legally responsible for the injuries proved. When the collision occurred his automobile was being driven to a place where the driver had left a sponge which he intended to use in washing the car. There was testimony that the appellant *Page 118 
in referring to the accident said he was waiting for the driver then in charge of it to "take him out," and he "did not know what had happened to him." The ordinary presumption would be that the person operating the appellant's car was his agent or employee for that purpose. Stewart Taxi-Service Co. v. Roy,127 Md. 70; Myers v. Shipley, 140 Md. 380; Whitelock v. Dennis,139 Md. 566; Dearholt Motor Sales Co. v. Merritt,133 Md. 323; Debelius v. Benson, 129 Md. 699; Vonderhorst BrewingCo. v. Amrhine, 98 Md. 406. But a conclusion to the contrary is said to be legally required by the testimony for the defense to the effect that the man who was driving the car at the time of the accident was not employed by the appellant as a chauffeur, but only as a laborer, that he had been engaged by the appellant's wife for that day, which was a Sunday, to drive the automobile for her, and that he was not then acting under the appellant's orders or for his benefit. If the evidence proved without contradiction that the driver of the car was in fact not the agent or servant of the owner, a directed verdict for the latter would be justified upon the authority of the decisions just noted. But no such conclusive effect can properly be attributed to the evidence. The driver of the car was the appellant's employee. While described as a laborer in the testimony, he was qualified to serve as a chauffeur, and the actual service he rendered at times in that capacity, though limited to appointments made by the appellant's wife, does not appear to have been in pursuance of any separate employment. From the testimony as to the appellant's statement already quoted it could be inferred that the car was intended for his personal use on the day of the accident and that he was awaiting its arrival in accordance with his previous instructions. The use of the car by the chauffeur in procuring the sponge with which it was to be cleaned, preparatory to its being used for a trip which the appellant may have had in view for himself or his wife, could not reasonably be held upon the evidence in this case to have been so clearly beyond the scope of the employment as to require the withdrawal *Page 119 
of the issue from the jury. It is inferable from the evidence that the employee was not driving the car at the time and place of the accident for any separate purpose of his own, but solely to the end that he might properly prepare it for the particular use for which his employer wished it to be available. In that respect the case differs essentially from Symington v. Sipes,121 Md. 313; Dearholt Motor Sales Co. v. Merritt, supra,Debelius v. Benson, supra, and other cases which counsel for the appellant have cited. In view of the evidence it was the plaintiff's right to have the jury determine the issue as to whether the driver of the car was acting within the scope of an employment by the owner when the accident occurred. There was consequently no error in the refusal of the court below to direct a verdict for the owner on that issue.
By the plaintiff's only prayer, which was granted, the jury were instructed that if the driver of the appellant's car, "approaching from the left," failed to "give the right of way" to the plaintiff's automobile "approaching from the right," and if such failure to recognize the plaintiff's right of way caused the collision with his car, while it was being driven with due care, then the plaintiff was entitled to recover. This prayer ignored the question as to whether the driver of the appellant's car was his agent or employee at the time of the accident. No reference is made by the prayer to the appellant by name, or by designation as owner of the car which collided with the plaintiff's automobile, and the right of the plaintiff to recover generally in his suit against the owner and the driver was predicated solely upon the theory of the driver's negligence. The issue as to the existence of a responsible relationship between them at that time, in regard to which there was a conflict in the evidence, was in effect withdrawn by the plaintiff's granted prayer from the jury's consideration. A similar prayer was disapproved in Buckey v. White, 137 Md. 131, because it allowed the jury, "to find a verdict against both defendants for a negligent act which they may have found was due to the conduct of only one of them, and with which the other had *Page 120 
no connection." In that case the owner of the automobile, alleged to have been negligently driven, made no point as to his liability, when sued jointly with his son who was using the car for his own purposes at the time of the collision which occasioned the litigation. In the present case the responsibility of the owner as co-defendant was disputed in the testimony. While disapproving the plaintiff's prayer in Buckey v. White, we held that it should not be made the basis of a reversal, since no special objection to it had been filed in the lower court. The theory of our conclusion was that the prayer assumed the liability of the co-defendant to whom it did not refer, and that this was an assumption of fact within the meaning of the following provision of article 5, section 9 of the Code: "In no case shall the Court of Appeals decide any point or question which does not plainly appear by the record to have been tried and decided by the court below; and no instruction actually given shall be deemed to be defective by reason of any assumption therein of any fact submitted to the jury, unless it appear from the record that an objection thereto for such defect, was taken at the trial; * * *."
Our ruling in Buckey v. White as to the necessity for a special exception to the instruction there held objectionable was doubtless influenced by the fact that the responsibility of the owner for the act of the driver of his car was not disputed at the trial below or on the appeal. The only objections urged against the prayer were that it was deficient in its definition of the due care required of the plaintiff, and was misleading in its statement with respect to the rules of the road which it sought to apply. In overruling those contentions we were obliged to notice the defect in the instruction which prevented us from approving it in principle. A reversal in that case because of an objection which appeared to have been virtually waived was a result which it was clearly desirable to obviate. But upon further consideration we are of the opinion that the Code provision we have quoted is not applicable to such a fault as the similar instructions in that case and the pending one disclose. *Page 121 
In the former decision we treated the assumption by the prayer of the existence of liability on the part of the unmentioned co-defendant as being equivalent to an assumption of facts upon which alone his liability could be established. The difficulty, however, in this case is that the prayer wholly excluded a defense by one of the parties which had been definitely interposed and which had support in the evidence. The facts upon which the appellant might have been charged with responsibility were not stated but were disregarded. In effect the jury was instructed that if the driver of the car was negligent, the owner was jointly liable even though the driver was not then using the car in the owner's service or interest. Buckey v. White,supra. Such a complete exclusion of the owner's individual defense, which he was actively asserting in this case, should not deprive him of the benefit of his objections to the prayer merely because it was not made the subject of a special exception. In the application of the provision referred to it has been held that to assume a fact "is to state as proved that which is to be proved," and such an assumption is said to be "generally incidental and casual." Baltimore v. Poultney, 25 Md. 34;Gunther v. Dranbauer, 86 Md. 10. The assumption by the prayer before us of the appellant's liability is absolutely conclusive against his separate defense, and it has that effect because it ignores an important issue in the case. This was not such an assumption of facts as the statute has in view.
Judgment reversed, with costs, and new trial awarded. *Page 122