**SIEGMANN v. MEYER et al.**
No. 71.

Circuit Court of Appeals, Second Circuit.
Dec. 12, 1938.

Sherman & Goldring, of New York City (Carl Sherman, of New York City, of counsel), for appellant.

Leon London, of New York City (Leon London and Harry J. Chernock, both of New York City, of counsel), for appellees.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This appeal is from a judgment dismissing a complaint as against the husband in an action for assault against a husband and wife. The wife was the assailant and committed the assault in Florida, where she had gone without her husband: both defendants were citizens of New York and the husband had never been in Florida. The common-law still obtains in Florida, under which a husband is liable for his wife's torts; and the plaintiff asserts that it imposed a liability upon the husband which she may enforce elsewhere, even in New York where the law is otherwise. The husband moved for a dismissal on the ground that the law of Florida did not make him liable for his wife's torts, and that if it had, New York would not allow him to be sued because of it, since he had not been in Florida at the time, and had not induced her to commit the assault. The judge thought that such a liability would be too repugnant to the law of New York to be tolerated in that state, and dismissed the complaint.

The cause has been argued as though the question were whether the courts of New York would enforce a liability created under the law of Florida, and it must be confessed that there is high authority which seems to look that way. Slater v. Mexican National Railway Co., 194 U.S. 120, 126, 24 S.Ct. 581, 48 L.Ed. 900. But strictly speaking, it is impossible for a court to enforce any liability except one created by the law of the state in which it sits. That state may take for its model a liability created by another state, merely because the other state creates it. Usually indeed it will do so when the other state is civilized; but the liability enforced is the creature of its own will: its law of the conflict of laws alone determines when it will fashion a liability after the foreign liability. Thus, except as the law of Florida furnished a pattern which New York accepts, it has nothing whatever to do with the case; and if the common-law still ob-

368

tained in New York, a nice question would arise. Though New York would recognize the wife's Floridian liability as an appropriate standard of liability as against her, the obligee of the resulting liability could not sue her without joining her husband, and, unless before judgment they were divorced, or one of them died, or he became bankrupt, the husband would be cast in any judgment against her. And if in addition the law of Florida had wholly emancipated the wife, the curious result would follow that he would in effect be liable here, though not in Florida, where the tort was committed. The defendant uses the converse of this as an argument in support of the judgment before us. He says that the law of Florida did not impose any liability upon him at all, his joinder being necessary only for "conformity": that is, because a feme covert could not be sued alone. The consequences to him of that necessity (in the words of Lord Sumner in Edwards v. Potter, [1925] A.C. 1, 39, the fact that "he could escape this inexorable doom only by parting with his spouse, his money, or his life") are not to be taken as evidence of any real liability imputed to him by Florida, but as an unhappy incident of his married status. Hence, even though he had been in Florida at the time of the assault, as soon as he should have left there, he would have shaken off, so to say, that marital incident, and left his wife to bear her liability alone.

 It must be owned that there is much basis for this argument historically. The whole subject was debated at length in Edwards v. Potter, supra, and while the judges differed widely about the effect of the legislation before them, they all agreed as to the status of the husband at common-law. We do not, however, find it necessary to commit ourselves as to what should be the result, if the husband had been in Florida when the tort was committed, and whether his subjection to judgment ought to be read as a liability, or as a mere procedural requirement. We may assume the point in the plaintiff's favor, because New York will not recognize as a model for

any liability which she will impose, a liability imposed by another state upon an absentee non-resident. This is another question from whether the result would be too violent a departure from New York mores for New York to tolerate: it is also another question from whether Florida herself affects to charge an absent and non-resident husband with liability. Both these points we also take in the plaintiff's favor. We confine ourselves to the single point whether New York will ever accept as a standard any liability created in Florida against one who was never actually present in Florida, or domiciled there, and who did not in any degree procure, incite, or in any other way make himself a party to the tort. We have not been able to find any similar case, and it is hard to imagine any other situation which would present it. However, in Young v. Masci, 289 U.S. 253, 53 S.Ct. 599, 77 L.Ed. 1158, 88 A.L.R. 170, and Scheer v. Rockne Motors Corp., 2 Cir., 68 F.2d 942, it was throughout assumed that if the defendant had not authorized the driver to take the car into the state where the harm befel the plaintiff, he would not have been liable. Moreover, it is basic in the whole subject that legislative jurisdiction—of which this is an instance—is territorial, and that no state can create personal obligations against those who are neither physically present within its boundaries, nor resident there, nor bound to it by allegiance. Restatement of Conflict of Laws, §§ 47, 65. The further exception in the case of acts done in another state by an agent (Restatement of Conflict of Laws, § 67) would indeed not be applicable to the relation of husband and wife even at common-law; and in New York where the wife is completely sui juris, its irrelevance is too plain for debate. Finally, by the law of New York the creation of an agency is to be determined by the law of the place where the acts take place which are relied upon to create it. King v. Sarria, 69 N.Y. 24, 25 Am.Rep. 128; Weissman v. Banque De Bruxelles, 254 N.Y. 488, 173 N.E. 835, Restatement of Conflict of Laws, § 343.

Judgment affirmed.