**BOSS v. IRVINE.**

**No. 8603.**

District Court, W. D. Washington, S. D.

Aug. 31, 1939.

984

Edgar P. Reid and Lester H. Huntington, both of Kelso, Wash., and Whittemore & Truscott, of Seattle, Wash., for plaintiff.

John F. McCarthy, of Kelso, Wash., and Bernstein & Peithman, of Portland, Or., for defendant.

YANKWICH, District Judge.

The action was instituted in the Superior Court of the State of Washington for the County of Cowlitz. It seeks damages for personal injuries suffered by the plaintiff in an accident which the complaint charges was traceable to the negligence of the defendant.

The defendant, an alien, resident of Canada, secured removal to this court on the ground of alienage.

■ The defendant has filed a motion to quash service. The motion is not pressed. It is, therefore, denied.

The plaintiff has moved to remand to the state court upon the ground that the petition for removal was not filed within the time required by the law of the State of Washington to plead to the complaint. 28 U.S.C.A. § 72. The complaint was filed in the state court on April 25, 1938. Under the law of Washington, the defendant had twenty days after service to plead. Remington Revised Statutes, Sec. 222(2).

No pleading was filed in the state court, other than the petition for removal, filed on June 20, 1938.

Service on the defendant was had under the non-resident automobile statute of the State of Washington. Remington's Revised Statutes, Secs. 6360—128, 6360—129. This statute provides for actions against non-residents for accidents happening within the state by service of process on the Secretary of State and the service of notice of such service and of a copy of summons or process on the defendant through registered mail.

The defendant's return receipt and the plaintiff's affidavit of compliance must be appended to the process and be entered as a part of the return.

The statute further provides: "Provided, further, That *personal service outside of this state in accordance with the provisions* of the statutes thereof relating to personal service of summons outside of this state shall relieve the plaintiff from mailing a copy of the summons or process by registered mail as hereinbefore provided." Remington's Rev.Stats. Sec. 6360—129. (Italics added)

■ Statutes of this character conform to constitutional norms. See Hess v. Pawloski, 1927, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Wuchter v. Pizzutti, 1928, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230; Young v. Masci, 1933, 289 U.S. 253, 53 S.Ct. 599, 77 L.Ed. 1158, 88 A.L.R. 170; Henry L. Doherty & Co. v. Goodman, 1935, 294 U.S. 623, 55 S.Ct. 553, 79 L.Ed. 1097.

In this case, service was had on the Secretary of State on April 25, 1939. Notice of this service with copy of summons and complaint was mailed to the defendant at Vancouver, British Columbia, Canada, on the same day. The defendant declined to accept the registered mail in Canada. Plaintiff made proof of this fact. In addition to this, he made personal service on the defendant in Canada, under the quoted provision, on May 9, 1939.

■ A reading of the statute leads to the conclusion that the personal service is merely a substitute for the mailing. And where the defendant declines to accept the mail, the only effect of his action is to make it impossible for the plaintiff to attach the "return receipt" to his return.

[4] The service is complete when the Secretary of State is served and the no-

tice is mailed, even if proof of service be deficient, through the act of the defendant.

A defendant cannot, by such action, invalidate the service and, thus, extend his time to plead. See Bessan v. Public Service Co-Ordinated Transport, 1929, 135 Misc. 368, 237 N.Y.S. 689; Creadick v. Keller, 1932, 5 W.W.Harr. 169, 160 A. 909.

"The statute is imperative that the application to remove must be made when the plea is due." Kansas City, Ft. S. & M. Railroad Co. v. Daughtry, 1891, 138 U.S. 298, 303, 11 S.Ct. 306, 308, 34 L.Ed. 963.

The defendant not having sought removal within the time allowed by the law of the state to plead, the motion to remand is granted and the cause is remanded to the Superior Court of the State of Washington, for the County of Cowlitz.