ELKHART ENGINEERING CORPORA-
TION, Plaintiff,

v.

DORNIER WERKE g.m.b.h. Muenchen
Neuaubing Brunhamstrasse 21,
Germany, et al., Defendants.

Civ. A. No. 793–S.

United States District Court
M. D. Alabama, S. D.

March 13, 1964.

John C. Godbold and Albert W. Cope-
land (of Godbold, Hobbs & Copeland),
Montgomery, Ala., for plaintiff.

James Garrett (of Rushton, Stakely &
Johnston), Montgomery, Ala., for de-
fendant Dornier Werke.

JOHNSON, District Judge.

The plaintiff, Elkhart Engineering
Corporation, organized and existing un-
der the laws of the State of Wisconsin
with its principal place of business in
Plymouth, Wisconsin, brings this action
for damages against the defendant Dor-
nier Werke, a business organized under
the laws of the Federal German Republic.
The case is now submitted on the motion
of Dornier Werke filed herein on Febru-
ary 13, 1964, seeking to have this Court
quash the return of service of the sum-
mons on the ground that the defendant is
an alien corporation and was not on the
date of the tort which forms the basis for
this litigation, that is, December 21,
1962, doing business within the State of
Alabama so as to subject said defendant
corporation to service of process by the
use of the Alabama statute Title 7, §
199(1), as last amended, Code of Ala-
bama, 1940.[1]

1. "§ 199(1). Service on non-resident do-
ing business or performing work or

service in state.—Any non-resident per-
son, firm, partnership, general or lim-

The submission of the motion to quash is upon the pleadings, affidavits, depositions, plaintiff's requests for admissions and the defendant's responses thereto, and the briefs and arguments of the parties. Upon this submission, this Court finds and concludes that the defendant Dornier Werke was not at any time material to this litigation, and specifically on December 21, 1962, doing business within the State of Alabama so as to subject it to service of process through the use of Title 7, § 199(1), as amended, of the Code of Alabama, and, for that reason, the service that was obtained upon the defendant Dornier Werke by delivering copies of the complaint to the Secretary of State for the State of Alabama is due to be quashed.

ited, or any corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall do any business or perform any character of work or service in this state shall, by the doing of such business or the performing of such work, or services, be deemed to have appointed the secretary of state, or his successor or successors in office, to be the true and lawful attorney or agent of such non-resident, upon whom process may be served in any action accrued, accruing, or resulting from the doing of such business, or the performing of such work or service, or relating to or as an incident thereof, by any such non-resident, or his, its or their agent, servant or employee. And such service shall be valid whether or not the acts done in Alabama shall of and within themselves constitute a complete cause of action. Service of such process shall be made by serving three copies of the process on the said secretary of state, and such service shall be sufficient service upon the said non-resident of the state of Alabama, provided that notice of such service and a copy of the process are forthwith sent by registered mail by the secretary of the state to the defendant at his last known address, which shall be stated in the affidavit of the plaintiff or complainant hereinafter mentioned, marked 'Deliver to Addressee Only' and 'Return Receipt Requested,' and provided further that such return receipt shall be received by the secretary of state purporting to have been signed by said non-resident, or the secretary of state shall be advised by the postal authority that delivery of said registered mail was refused by said non-resident; and the date on which the secretary of state receives said return receipt, or advice by the postal authority that delivery of said registered mail was refused, shall be treated and considered as the date of service of process on said non-resident. The secretary of state shall make an affidavit as to the service of said process on him, and as to his mailing a copy of the same and notice of such service to the non-resident, and as to the receipt of said return receipt, or advice of the refusal of said registered mail, and the respective dates thereof, and shall attach said affidavit, return receipt, or advice from the postal authority, to a copy of the process and shall return the same to the clerk or register who issued the same, and all of the same shall be filed in the cause by the clerk or register. The party to a cause filed or pending, or his agent or attorney, desiring to obtain service upon a non-resident under the provisions of this section shall make and file in the cause an affidavit stating facts showing that this section is applicable, and stating the residence and last known post office address of the non-resident, and the clerk or register of the court in which the action is filed shall attach a copy of the affidavit to the writ or process, and a copy of the affidavit to each copy of the writ or process, and forward the original writ or process and three copies thereof to the sheriff of Montgomery county for service on the secretary of state and it shall be the duty of the sheriff to serve the same on the secretary of state and to make due return of such service. The court in which the cause is pending may order such continuance of the cause as may be necessary to afford the defendant or defendants reasonable opportunity to make defense. Any person who was a resident of this state at the time of the doing of business, or performing work or service in this state, but who is a non-resident at the time of the pendency of a cause involving the doing of said business or performance of said work or service, and any corporation which was qualified to do business in this state at the time of doing business herein and which is not qualified at the time of the pendency of a cause involving the doing of such business, shall be deemed a non-resident within the meaning of this section, and service of process under such circumstances may be had as herein provided."

The facts as developed by the parties upon this submission reflect that Elkhart Engineering Corporation purchased in Germany in May 1962, a Dornier Model DO 28 airplane which had been manufactured by the defendant. This airplane—the only one defendant had ever sold in this country—was purchased by Elkhart at a percentage discount in consideration of Elkhart's agreeing that the aircraft might be used in the United States for demonstration purposes in order to stimulate interest among prospective purchasers. The defendant's principal offices, factories and assembly lines are located in Germany. The business of the defendant corporation consists of the manufacture, assembly, and sale of airplanes. Dornier does not have and has never had any dealers, jobbers, or employees stationed in the State of Alabama. Dornier has never made any sales in Alabama, has never offered any products for sale in Alabama, and has never given any organization or individual authority to makes sales in Alabama. It has never owned any property in Alabama, and, according to the undisputed evidence in this case, it has had no connection with the State of Alabama except three of its employees (one of whom may have been an independent contractor, but that fact is immaterial to the issue now presented in view of the other facts in this case) flew into the State of Alabama in December 1962, for the purpose of demonstrating the airplane plaintiff had purchased from the defendant; the demonstration to Army personnel was on a military reservation located in this district and referred to as Cairns Field, and was a "one time" demonstration for advertising purposes designed to stimulate interest in the German made plane among Army personnel. The employees of the defendant who came into the State of Alabama for this purpose were Henrich Schaffer, the pilot; Eugen Ublacker, a mechanic; and August Sohn, the defendant's sales manager. The demonstration was arranged for December 21, 1962, at Cairns Field, and the pilot Schaffer, while performing the demonstration, crashed and damaged plaintiff's plane.

The question presented is whether a foreign corporation which has not qualified to do business in Alabama under the facts in this case can be subjected to service of process through the use of Title 7, § 199(1), as amended, Code of Alabama, 1940. In determining this question, the federal authorities are controlling, since it turns upon whether subjection of the defendant to this jurisdiction comports with federal due process. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Hart v. Sansom, 110 U.S. 151, 3 S.Ct. 586, 28 L.Ed. 101. While it is true that since Pennoyer v. Neff, technological progress has increased the flow of commerce between the states, thereby increasing the need for the several states to extend jurisdiction over nonresidents, the allowable extension has not, in any case known to this Court, gone as far as the plaintiff seeks to have this Court go in this case.

In order to subject a foreign corporation to extraterritorial service, such as is attempted here, the cases are uniform that "due process" requires at least minimal contacts. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. The Supreme Court in the International Shoe Co. case stated:

"Historically the jurisdiction of courts to render judgment *in personam* is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him. Pennoyer v. Neff, 95 U.S. 714, 733 [24 L.Ed. 565]. But now that the *capias ad respondendum* has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with

it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' Milliken v. Meyer, 311 U.S. 457, 463 [61 S.Ct. 339, 343, 85 L.Ed. 278]. See Holmes, J., in McDonald v. Mabee, 243 U.S. 90, 91 [37 S.Ct. 343, 61 L.Ed. 608]. Compare Hoopeston Canning Co. v. Cullen, 318 U.S. 313, 316, 319 [63 S.Ct. 602, 604, 606, 87 L.Ed. 777]. See Blackmer v. United States, 284 U.S. 421 [52 S.Ct. 252, 76 L.Ed. 375]; Hess v. Pawloski, 274 U.S. 352 [47 S.Ct. 632, 71 L.Ed. 1091]; Young v. Masci, 289 U.S. 253 [53 S.Ct. 599, 77 L.Ed. 1158]."

■ The application of the "minimal contacts" test by the courts has clearly demonstrated that in order to secure jurisdiction over a nonresident within a state for the purpose of subjecting the nonresident to liability for tort actions under the "doing business" theory, the evidence must reflect that the nonresident engaged in some general activity as opposed to a single or isolated act or transaction. McGee v. International Life Insurance Company, 355 U.S. 220, 78 S. Ct. 199, 2 L.Ed.2d 223. The facts in this case are clear that Dornier Werke did not at any time material to this litigation do business within the State of Alabama so as to have the "minimal contacts" that are required in order to subject said defendant to process by an application of the law of Alabama; to hold otherwise under the facts of this case would be to offend "traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, supra.

In accordance with the foregoing, it is the order, judgment and decree of this Court that the motion of the defendant Dornier Werke to quash service of process, be and the same is hereby granted; the return of service of the summons by the United States Marshal for this district on November 29, 1963, which return is based upon his delivering copies of the complaint to the Secretary of State, State of Alabama, is ordered to be and the same is quashed.