John Henry KNIGHT et al., Appellants,

v.

HANDLEY MOTOR COMPANY, Inc., a body corporate, Appellee.

HANDLEY MOTOR COMPANY, Inc., a body corporate, Appellant,

v.

John Henry KNIGHT et al., Appellees.

Nos. 3382, 3383.

District of Columbia Court of Appeals.

Argued Jan. 21, 1964.

Decided March 20, 1964.

1. See the trial court's Criminal Rules 10(b) (2), and 20(d).

Glenn R. Moody, Jr., Washington, D. C., for John Henry Knight, and others.

William D. Paton, Bethesda, Md., argued for Handley Motor Co., Inc. John L. Schroeder, Bethesda, Md., was on the brief for Handley Motor Co., Inc.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

Handley Motor Company, Inc., hereinafter referred to as appellee, was the owner of an automobile driven by one Richard Bell which was involved in a collision in Maryland with an automobile driven by appellant John Henry Knight, Sr., in which other members of his family were riding. The Knights sued both the motor company and Bell for damages.[1] At the conclusion of all testimony, the case was submitted to a jury which returned verdicts in favor of appellants. The trial judge, upon appropriate motions by appellee, granted judgment in its favor notwithstanding the verdicts and overruled the alternative motion for a new trial. This appeal ensued. In the event of a reversal here, a cross-appeal was taken by the motor company from certain adverse rulings by the judge during the course of the trial respecting its motions for summary judgment, directed verdicts and a new trial.

Appellants claim error in granting judgment *n. o. v.* when no motion had been made by appellee for a directed verdict at the close of all the evidence. They also allege there was evidence before the jury that Bell, the operator of the vehicle owned by the motor company, was "in fact and in law, its agent."

As the record reveals unquestionably that appellee made the proper motion at the conclusion of the case for a directed verdict in its favor, a motion thereafter under GS Rule 50(b) for judgment notwithstanding the verdict was properly entertained by the trial judge. Whether his favorable action on this motion was correct requires an examination of the testimony to determine the sufficiency of the evidence for that purpose.[2]

Although appellant contends that the statutory law of the District of Columbia governs the agency feature of this case, we do not agree. The law of the place where the accident occurs has traditionally been held to determine whether the act was tortious. Capital Transit Company v. Simpson, 98 U.S.App.D.C. 298, 235 F.2d 525, cert. denied 352 U.S. 882, 77 S.Ct. 103, 1 L.Ed.2d 81; Giddings v. Zellan, 82 U.S.App.D.C. 92, 160 F.2d 585, cert. denied 332 U.S. 759, 68 S.Ct. 61, 92 L.Ed. 345. This rule covers all aspects of the act in question, such as the surrounding circumstances tending to indicate negligence or nonnegligence, privilege or other legal justification for the act, its causal connection with produced results, *and all matters inherent in the act which go to determine its legal characteristics.* E. g. Venuto v. Robinson, 3rd Cir., 118 F.2d 679, cert. denied C. A. Ross Agent, Inc. v. Venuto, 314 U.S. 627, 62 S.Ct. 58, 86 L.Ed. 504.

While the problem of deciding whether the relationship between two parties is that of master and servant is usually one of fact to be determined by the jury, Maryland cases have so crystallized this area that the answer in this case becomes one of law for the court instead of one of fact for the jury.

The essential elements to be proved by the person who sues another for injury caused by a servant or agent in the negligent operation of the owner's car are: (1) that the relationship of master and servant existed between the owner and the person who caused the injury at the time the injury was caused; and (2) that the servant or agent was acting within the scope of his employment or in furtherance of his master's business or under express or implied authorization from the master at the time of the accident. Globe Indemnity Company v. Victill Corporation, 208 Md. 573, 119 A.2d 423, 429. The mere fact that the owner had given permission to the

---

1. Bell was voluntarily dismissed as a party defendant by praecipe filed by appellants prior to trial.

2. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147; Lancaster v. Canuel, D.C.App., 193 A.2d 555; Resnick v. Wolf & Cohen, D.C.Mun. App., 49 A.2d 809.

driver to use the automobile is not enough to make him liable for the latter's careless driving. State, Use of, Shipley v. Walker, 230 Md. 133, 186 A.2d 472.

In Maryland "the operator of a motor vehicle is *prima facie* the agent and servant of its owner, but the presumption is a rebuttable one, and when uncontradicted and conclusive evidence is presented which shows the driver was not in the service of the owner, *it becomes the function of the trial court to declare the owner not liable.*" Wagner v. Page, 179 Md. 465, 20 A.2d 164, 166; Forbstein v. General Tire Co., 167 Md. 686, 175 A. 445; Louis v. Johnson, 146 Md. 115, 125 A. 895. The doctrine of *respondeat superior* was founded on the principle that every man, in the management of his own affairs, whether by himself or by his agents or servants, shall so conduct them as not to injure another. The basis upon which this doctrine rests in Maryland is that the master is constructively present so that the negligence of the servant is that of the master. The test in determining whether a person is a servant or an independent operator is that the master shall have control of the employment and all its details, especially in respect to the very thing from which the injury arose. Gallagher's Estate v. Battle, 209 Md. 592, 122 A.2d 93, and cases cited therein.

Holley was appellee's used car foreman in charge of cleaning and polishing cars to be sold, but he had no authority to sell them. Bell was not employed at any time by appellee. He was the brother of Holley's sister-in-law, who was interested in buying a car. On the date of the accident, a Sunday, the car was at Holley's home in the District where his sister-in-law was then staying. He had been given permission from appellee's manager to take the car over the weekend to show it to his sister-in-law. Bell and a third man were permitted by Holley to drive the car "to see how it would

run." Neither Holley nor the prospective buyer was in the car at the time of the accident. Bell drove it into Maryland, where the accident occurred. Both Holley and appellee's manager testified that although Holley had been granted the use of the car on this and other weekends for his own purpose in riding to his home and back to his place of employment, he was not authorized to allow any third person to drive the car.

Appellants' counsel also argues that the Automobile Financial Responsibility Act, D.C.Code, 1961, § 40–424, has extra-territorial effect and applies to the status of appellee's relationship to Bell in Maryland. The short answer to that is the language of the statute itself:

> "Whenever any motor vehicle * * shall be operated *upon the public highways of the District of Columbia* by any person other than the owner, with the consent of the owner, express or implied, the operator thereof, shall in case of accident, be deemed to be the agent of the owner of such motor vehicle * * *."

The statutory language definitely applies the agency presumption only to the District.[3]

Under all the evidence and in the light of pertinent Maryland decisions, we are of the opinion that there was insufficient evidence to support the doctrine of *respondeat superior* in the instant case. We are convinced as a matter of law that Holley had no authority, express or implied from his employer to allow Bell to drive the car at the time of the accident in Maryland and that the action of the trial judge in ruling that there was not legally sufficient evidence on that point to submit to the jury was proper.

Affirmed.

---

3. We are satisfied that even under § 40–424, D.C.Code, 1961, Bell's presumptive agency was clearly rebutted by the evidence.