**THIRD NATIONAL BANK IN NASHVILLE, Plaintiff,**

v.

**SHEARSON EQUIPMENT MANAGEMENT CORPORATION, Defendant.**

**Civ. A. No. 3:84–0500.**

United States District Court,
M.D. Tennessee,
Nashville Division.

May 21, 1984.

On Motions to Dismiss or for Change of Venue March 18, 1985.

Tom Kanaday, Farris, Warfield & Kanaday, Nashville, Tenn., for plaintiff.

Steven A. Riley, Bass, Berry & Sims, Nashville, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, Senior District Judge, Sitting by Designation and Assignment.

The Court notices *sua sponte,* as it must, *Stokes v. Merrill Lynch, Pierce, Feener & Smith,* 523 F.2d 433, 437 (6th Cir.1975), that the removal-petition herein is deficient, in that it alleges no facts showing that, at the time this action was commenced in the state Court, the plaintiff and defendant were not citizens of the same state. It is elementary that, where, as here, a defendant seeks to remove a case from a state court to a federal court on the grounds of diversity of citizenship and the matter in controversy, allegations in the removal-petition of sufficient facts are required to demonstrate that, both when the action was commenced in the state Court and when the removal-petition was filed, no plaintiff and no defendant was a citizen of the same state, *Wenger v. Western Reserve Life Assur. Co. of Ohio,* 570 F.Supp. 8, 10[3] (D.C.Tenn.1983), and cases gathered therein; this has been the rule for more than a century. *See Gibson v. Bruce,* 108 U.S. 561, 563, 2 S.Ct. 873, 875, 27 L.Ed. 825 (1883).

The Court does not enter an order of remand[*] at this time, because it appears

---

[*] * * * * It is also true that when a record presented to this court fails to show a diversity of citizenship, both when the suit was commenced and when the petition for removal was filed, a

that the defendant might be able to amend its removal-petition so as to supply the missing allegations within the mandatory 30-day period for so doing. *See Wenger v. Western Reserve Life Assur. Co. of Ohio, supra,* and cases cited therein. The Court holds this matter in abeyance briefly to allow the defendant time in which to attempt to amend its petition for removal in timely fashion if same can be done.

### ON MOTIONS TO DISMISS OR FOR CHANGE OF VENUE

This is a removed, 28 U.S.C. § 1441(a), diversity, 28 U.S.C. §§ 1332(a)(1), (c), action for breach of contract. The defendant, Shearson Equipment Management Corporation (Shearson), moved *inter alia* for a dismissal on the ground that this District Court lacks jurisdiction of its corporate-person, Rule 12(b)(2), F.R.Civ.P., because, subjecting it to a judgment in personam in its absence from territory of the state of Tennessee without certain minimum contacts therewith, offends " * * * 'traditional notions of fair play and substantial justice' * * * in violation of its right to due process of law." *Cf. International Shoe Co. v. State of Washington, etc.,* 326 U.S. 310, 316, 66 S.Ct. 154, 158[3], 90 L.Ed. 95 (1945).

■ Three criteria for determining the outer limits of the in-personam jurisdiction of this Court are postulated in this Circuit, as follows:

"First, the defendant must purposefully avail [it]self of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. * * * "

*Southern Machine Company v. Mohasco Industries, Inc.,* 401 F.2d 374, 381[5] (6th

Cir.1968) (stating the rule with respect to a single contact). The plaintiff Third National Bank in Nashville (Bank) bears the burden of proving that this Court has jurisdiction of Shearson's corporate person. *Capital Dredge & Dock Corp. v. Midwest Dredging Co.,* 573 F.2d 377, 378[1].

Service of process on the defendant was by means of the "long-arm statute" of Tennessee, T.C.A. § 20–2–201. It has been determined " * * * that it was the intention of the Tennessee legislature in enacting T.C.A. 20–235 [now, 20–2–201] to comprehend 'the full jurisdiction allowable under the [Constitution,] Fourteenth Amendment.' * * * " *Pickens v. Hess,* 573 F.2d 380, 385[5] (6th Cir.1978). " * * * 'Whether due process is satisfied must depend * * * upon the quality and nature of the activity [of the defendant: (as in orig.)] in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations.' * * * " *Id.,* 573 F.2d at 385, quoting from *International Shoe Co. v. State of Washington, etc., supra.* 326 U.S. at 319, 66 S.Ct. at 160.

■ The Bank established by affidavits these facts:

Shearson is a Delaware corporation with its principal place of business in New York. Its personnel solicited personnel of the Bank as to the identity of an attractive tax shelter, and personnel of the Bank suggested the purchase of river barges for this purpose.

The managing partner in each, Shearson, then formed a group of limited partnerships to make such purchases. Thereafter, its president, Mr. James Carthaus, discussed in Nashville with personnel of the Bank the establishment of a fiscal relationship between additional limited partner-

reversal has been ordered and the case sent back to the circuit court, with directions to remand to the state court." *Kinney v. Columbia*

*Savings & Loan Assoc.,* 191 U.S. 78, 81, 24 S.Ct. 30, 32, 48 L.Ed.2d 103 (1903).

ships and the Bank. He returned to Nashville after some six months had elapsed and solidified his acquaintence with the personnel of the Bank.

The Bank provided the financing for a second group, consisting of four such partnerships. Approximately a year after this second group of partnerships was financed by the Bank, there was contact between respective personnel of Shearson and the Bank by means of mail- and telephonic-communication relative to the Bank's financing of three additional limited partnerships. The latter loans were closed in St. Louis, Missouri in 1981, the partnership designated as Shearson VIII being closed March 31, the partnership known as Shearson IX being closed June 12, and the partnership known as Shearson X being closed August 4.

Each of the Bank's respective loans to each such limited partnership was substantially the same, with Shearson guaranteeing each such partnership's loan from the Bank. Each such guaranty included the following language:

"This instrument is executed in New York, New York, and delivered in St. Louis, Missouri, as an incident to the lending transaction consumated in St. Louis, Missouri, and is to be construed according to the laws of the State of New York. Notwithstanding the foregoing, guarantor hereby consents to the personal jurisdiction of any state or federal court which would have personal jurisdiction of the guarantor if it were domiciled in or doing business at debtor's principal place of business in St. Louis, Missouri, including without limitation, the United States District Court for the Eastern District of Missouri and the Circuit Court for the City St. Louis, with respect to any claim of liability to lender arising under or pursuant to this guarantee."[1]

Shearson VIII, Shearson IX, and Shearson X encountered fiscal difficulties in 1982, and the terms of loans by the Bank to those partnerships were renegotiated by mail; however, such financial problems persisted, and the aforenamed Mr. Carthaus returned to Nashville in December, 1983 and had further negotiations with the Bank. When these proved unsuccessful, the Bank made demand upon Shearson as guarantor on each of the aforementioned partnership loans. This action was commenced April 4, 1984.

The foregoing facts demonstrate with clarity that the guarantor Shearson availed itself of the privilege of conducting and guaranteeing the financing transactions of the said third group of limited partnerships with the Bank operating in Tennessee; its "coming into" this state for this purpose and guaranteeing the aforesaid loans from the Bank operating in this state " * * * may fairly be said to have had at least 'minimum contact' with such state so that maintenance of a suit [ ] herein based upon such transaction[s] [does] not constitute a denial of due process of law. * * * " *Hamilton National Bank of Chattanooga v. Russell,* 261 F.Supp. 145, 150[9] (D.C. Tenn.1966). " * * * [T]hat a defendant did not perform a physical act within the State of Tennessee is not determinative of his or her [or its] lack of 'minimum contact,' for activities outside the state resulting in consequences within the state may subject those involved in such activities to in personam jurisdiction of the courts of the state. *Young v. Masci, supra* [289 U.S. 253, 53 S.Ct. 599, 77 L.Ed. 1158 (1933)]; *Velandra v. Regis Nationale Des Usines Renault,* (C.A.6, 1964) 336 F.2d 292. * * " *Id.,* 261 at 149[8], cited and quoted from in *Third Nat. Bk., Nashville v. Hardi-Gardens Sup. of Ill., Inc.,* 380 F.Supp. 930, 936–937 (D.C.Tenn.1974) ("The mere fact that a note was signed or guaranteed outside of the State of Tennessee does not, of itself, denude this Court from exercising its constitutional powers over the * * * guarantor.")

---

1. It is observed that such instrument states facially that it is " * * * an incident to the [pertinent] lending transaction * * *."

The fact that some of the transactions of the parties were carried on by mail and telephone between them in Tennessee and New York does not change the result. *See Nicholstone Book, etc. v. Chelsea House Pub.*, 621 S.W.2d 560 (Tenn.1981). The further fact that any tortious action of the defendant, allegedly causing proximately damage to the Bank within Tennessee, was committed outside of Tennessee, does not prevent the Bank from reaching the purported tort-feasor under the "long-arm statute" of Tennessee. T.C.A. § 20-2-201, *supra; cf. Jasper Aviation, Inc. v. McCollum Aviation, Inc.*, 497 S.W.2d 240 (Tenn. 1972).

The motion of the defendant for a dismissal of this action for lack of personal jurisdiction over it, therefore, hereby is

DENIED.

The alternative motion of the defendant for a change of the venue hereof, 28 U.S.C. § 1404(a), to the Eastern District of Missouri, also lacks merit. It is represented to the Court by the Bank that all its witnesses are here; and it is represented to the Court by Shearson that the Bank has actions pending against other guarantors in the District Court for the Eastern District of Missouri, Eastern Division,[2] and that all those cases and this case should be tried there simultaneously.

The purport of the defendant's motion in this regard appears to be its effort to shift any inconvenience from it to the Bank; such a motion should not be granted, *see Van Dusen v. Barrack*, 376 U.S. 612, 633, 84 S.Ct. 805, 818[14], 11 L.Ed.2d 945 (1964). The balance of factors appearing to be somewhat even, the Bank's choice of a forum will not be disturbed. *Cf. Crawford v. United States*, 188 F.2d 536 (6th Cir.1951).

The motion for a change of venue, accordingly, hereby is

DENIED.

2. Shearson made no showing that the three Missouri cases at issue have been consolidated for trial.